A91A1188. WATTS v. WAYNE COUNTY BOARD OF
EDUCATION et al.
A91A1189. WESTBERRY v. WATTS.
(412 SE2d 541)

POPE, Judge.

*Case No. A91A1188*

Plaintiff filed this action against the Wayne County Board of Education and Donald Westberry, the school principal, alleging that the defendants were negligent in failing to take proper safeguards and procedures to prevent injuries he received when another student at Wayne County Junior High School picked him up and threw him down on a concrete patio during a recess period. Defendants moved for summary judgment. The trial court granted that motion on the basis that the evidence demonstrated that the defendants did not breach any legal duty owed to the plaintiff. Plaintiff appeals that decision.

The trial court correctly concluded that the defendants did not breach any legal duty owed to the plaintiff. As we noted in *Cooper v. Baldwin County School Dist.,* 193 Ga. App. 13, 14 (386 SE2d 896)

(1989), school officials have a " 'duty of exercising ordinary care for the safety of its pupils from defects in the premises or from dangerous activities in which other pupils are engaged under the defendant's supervision. (Cit.)' [Cit.]" The facts of the *Cooper* case are very similar to this case. In *Cooper*, the plaintiff was stabbed by another student in the courtyard of the school and attempted to show that the defendant had breached its duty of ordinary care by introducing evidence of prior fights at the school. This court held that because the prior fights were not in the same area as where the plaintiff was injured, she had not carried her burden of establishing defendant's superior knowledge that the area was dangerous. Id.

In the case sub judice, plaintiff also introduced evidence of prior fights at the school, but those fights were in a grassy area, not in the patio area where the plaintiff was injured. Furthermore, plaintiff stated during his deposition that the student who injured him was a friend of his, was not known to have violent tendencies and that there was no reason for him or for school officials to suspect that the student would attack the plaintiff. In sum, as in *Cooper*, there was no evidence before the trial court that " 'would support a finding that [the defendants] knew or should have known that the [patio area] subjected the [plaintiff] to an unreasonable risk of sudden, unprovoked and unexpected criminal attack.' [Cit.]" *Nalle v. Quality Inn*, 183 Ga. App. 119, 120 (358 SE2d 281) (1987). Because the plaintiff failed to carry his burden of showing superior knowledge by defendants, the trial court properly granted defendants judgment as a matter of law. *Cooper*, supra at 15; *Nalle*, supra at 120.

### Case No. A91A1189

Defendant Donald Westberry cross-appeals alleging that the trial court erred in finding that he was not entitled to invoke official immunity as a defense in this case. In this case, as in *Lewis v. McDowell*, 194 Ga. App. 429, 431 (3) (390 SE2d 605) (1990), the plaintiff does not allege that the principal himself negligently supervised the plaintiff, but that his decision regarding how the children at the school should be supervised was negligent. As we held in *Lewis*, such decisions are discretionary in nature rather than ministerial, and absent a showing of wilfulness, malice or corruption, a principal is entitled to invoke the defense of official immunity to shield him from liability for such decisions. Id. In this case, plaintiff does not allege, nor is there any evidence of wilful conduct, malice or corruption by defendant Westberry. Accordingly, the trial court erred in ruling that defendant Westberry was not entitled to summary judgment on the basis of official immunity. As was discussed above, however, the trial court granted summary judgment to defendant Westberry on the basis that

he did not breach any legal duty owed to plaintiff. " 'A correct decision of a trial court will not be reversed, regardless of the reasons given therefor. (Cit.)' *Nat. Consultants v. Burt*, 186 Ga. App. 27, 33 (2) (366 SE2d 344) (1988)." *Drake v. Page*, 195 Ga. App. 226, 228 (3) (393 SE2d 89) (1990).

*Judgments affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 15, 1991 —
RECONSIDERATION DENIED NOVEMBER 8, 1991 —

*Richard D. Phillips*, for Watts.

*Dickey, Whelchel, Brown & Readdick, John E. Bumgartner, Leaphart & Johnson, J. Alvin Leaphart*, for Board of Education and Westberry.