A91A1382. KILGO v. DEPARTMENT OF CORRECTIONS et al.
(413 SE2d 507)

Pope, Judge.

Plaintiff Ronald Jerry Kilgo, acting pro se, brought this civil action against the Department of Corrections and others alleging defendants were improperly denying him necessary medical and mental health treatment while he was incarcerated at the Valdosta Correctional Institution. The action is, in essence, a claim for damages for deprivation of his civil rights pursuant to 42 USC § 1983. Plaintiff also alleges the acts complained of are a violation of his Eighth Amendment rights.

Defendants answered and moved to dismiss plaintiff's complaint on the ground the claims were barred by the statute of limitation and because the defendants are immune from suit pursuant to the sovereign immunity provisions of the Georgia Constitution, Art. I, Sec. II, Par. IX. Plaintiff filed unsworn copies of his medical records and certain records from the prison, such as his written requests for treatment and the prison officials' responses to those requests. A brief hearing was conducted on March 13, 1991 at which time plaintiff presented no evidence except for his own brief statement and requested a continuance, which was granted. On April 9, however, plaintiff moved for judgment in his favor based on the record and the hearing. The trial court responded with an order denying plaintiff's motion.[1] Plaintiff appeals.

The order does not reveal the grounds on which the motion for judgment was denied. We reject the defenses raised in defendants' motion to dismiss. The acts alleged in plaintiff's complaint are continuing in nature and, therefore, the statute of limitation defense is not valid. Neither is the defense of sovereign immunity. Sovereign immunity is not a bar to an action alleging violation of a constitutional right (*Smith v. Floyd County*, 85 Ga. 420 (2) (11 SE 850) (1890)) or an action brought pursuant to 42 USC § 1983. See *City of Cave Spring v. Mason*, 252 Ga. 3 (310 SE2d 892) (1984); *Davis v. City of Roswell*, 250 Ga. 8 (1) (295 SE2d 317) (1982). However, in order to prevail in such an action, the plaintiff must prove the acts complained

---

[1] The order denying plaintiff's motion for judgment was signed April 24 and filed April 25, 1991. Attached to plaintiff's appellate brief, however, is an identical order dated April 4 with the proper case name but bearing a civil action number for an unrelated habeas corpus action previously filed by plaintiff. Plaintiff argues the order improperly denies his motion on the ground the complaint did not state a claim for habeas corpus relief. To the contrary, neither order gives the ground for denial of plaintiff's motion. We are informed by the clerk of the trial court that the April 4 order was subsequently vacated and we assume it was mistakenly filed under the wrong civil action number. In any event, the order at issue in this appeal is the order filed April 25 in the case now before us on appeal, Lowndes County Superior Court Civil Action No. 91-CV-28.

of are the result of an intentional policy adopted or ratified by the governing body of a public agency. "What is required to be proved, directly or circumstantially, is that a governing body has worked constitutional deprivation of a citizen pursuant to an impermissible or corrupt policy which is intentional and deliberate." *City of Cave Spring v. Mason*, supra at 5. Here, "[t]he record is barren of any evidence of implementation of an . . . intentionally corrupt or impermissible policy so as to find a cause of action under 42 USC § 1983." (Citation and punctuation omitted.) *Pinkston v. City of Albany*, 196 Ga. App. 43, 47 (2) (395 SE2d 587) (1990). Consequently, the trial court did not err in denying plaintiff's motion for judgment.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED NOVEMBER 22, 1991.

Ronald Kilgo, *pro se.*

*Michael J. Bowers, Attorney General, John C. Jones, Senior Assistant Attorney General*, for appellees.