## A96A0156. MATTOX v. BAILEY et al.
(472 SE2d 130)

POPE, Presiding Judge.

Plaintiff Donald Mattox is an inmate at the Phillips Correctional Institution. On March 9, 1995, he filed a pro se civil action complaint form against defendant Lieutenant Bailey and Bailey's employer, defendant Georgia Department of Corrections ("DOC"). In his complaint, plaintiff alleged that Bailey, who was a correctional officer, had slammed plaintiff's head into a door and thereafter beaten him while escorting plaintiff across prison grounds. Plaintiff asserted that Bailey's actions constituted violations of both federal and state law, and that plaintiff should be awarded $500,000 if Bailey was found guilty of violating plaintiff's civil rights. Plaintiff also claimed that DOC was liable for Bailey's actions because it was his employer. Defendants answered the complaint denying liability and filed a motion to dismiss. The trial court granted defendants' motion, without prejudice, on the ground that defendants were immune from suit under the Georgia Tort Claims Act ("Act"). OCGA § 50-21-20 et seq.

1. We agree with the trial court that plaintiff's state law battery claim against Bailey is barred by the Act because it is clear from the complaint that the alleged battery arose from the performance of Bailey's official duties as a correctional officer. Under the Act, state employees are immune from liability arising from the performance of their official duties. OCGA §§ 50-21-21 (b), 50-21-25 (a); *Datz v. Brinson*, 208 Ga. App. 455 (430 SE2d 823) (1993); *Collier v. Whitworth*, 205 Ga. App. 758, 759 (423 SE2d 440) (1992).

Under the Act, the State also is immune from liability on plaintiff's state law claim. The Act "provides for a waiver of the state's sovereign immunity for torts of state officers and employees while acting within the scope of their official duties or employment, OCGA § 50-21-23 (a), *unless the alleged tortious act falls within one of the exceptions set forth in OCGA § 50-21-24.*" (Punctuation omitted; emphasis supplied.) *Howard v. Burch*, 210 Ga. App. 515, 516 (436 SE2d 573) (1993). In the instant case, the alleged tortious act falls within the exception found in OCGA § 50-21-24 (7), which specifically provides that "[t]he state shall have no liability for losses resulting from . . . battery." Additionally, plaintiff's state law claim against the State is barred based on his failure to comply with the ante litem notice requirements set forth in OCGA § 50-21-26.

2. Having said the above, we nevertheless conclude that the trial court erred in dismissing plaintiff's complaint in its entirety. "A *pro se* complaint is not held to [the] stringent standards of formal pleadings, *Haines v. Kerner*, 404 U. S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (*Vinnedge v. Gibbs*, 550 F.2d 926 (1) (4th Cir. 1977)), and the complaint should not be dismissed for failure to state a claim unless

it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U. S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)." (Citation and punctuation omitted.) *Battle v. Seago*, 208 Ga. App. 516 (431 SE2d 148) (1993). In this case, it cannot be said with assurance that the allegations of the complaint demonstrate beyond doubt that plaintiff can prove no set of facts which would entitle him to relief against Bailey. See *Evans v. City of Atlanta*, 189 Ga. App. 566, 567 (377 SE2d 31) (1988). A liberal reading of the complaint reveals a potentially valid cause of action against Bailey under 42 USC § 1983. Id.; see *Johnson v. Jones*, 178 Ga. App. 346, 349 (343 SE2d 403) (1986). Clearly inmates at correctional institutions are entitled to due process and Eighth Amendment protection from being beaten at the hands of prison staff. See *Meredith v. Arizona*, 523 F2d 481, 482-484 (9th Cir. 1975). And we cannot say that Bailey is entitled to qualified immunity in this case because we cannot say as a matter of law that his discretionary use of force against plaintiff did " 'not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' *Harlow v. Fitzgerald*, 457 U. S. 800 (102 SC 2727, 73 LE2d 396) (1982); *Forney v. Purvis*, 190 Ga. App. 192, 195-196 (378 SE2d 470) (1989)." *Bell v. City of Albany*, 210 Ga. App. 371, 374 (436 SE2d 87) (1993); see *Procunier v. Navarette*, 434 U. S. 555, 561-562 (98 SC 855, 55 LE2d 24) (1978).

With regard to DOC, however, plaintiff's complaint fails to set forth a viable claim under 42 USC § 1983 because DOC is not a " 'person' who, under color of state law, deprives another of his federal constitutional rights." *State Bd. of Ed. v. Drury*, 263 Ga. 429, 433-434 (2) (437 SE2d 290) (1993); see *Will v. Michigan Dept. of State Police*, 491 U. S. 58, 66-70 (109 SC 2304, 105 LE2d 45) (1989). Even if this were not so, plaintiff's complaint does not set forth a valid § 1983 claim against DOC because DOC's alleged liability is premised wholly on the fact that it was Bailey's employer. The complaint is devoid of any allegations that Bailey's actions were the result of an intentional and deliberate policy adopted or ratified by DOC's governing body. See *City of Cave Spring v. Mason*, 252 Ga. 3, 5 (310 SE2d 892) (1984); *Kilgo v. Dept. of Corrections*, 202 Ga. App. 50, 51 (413 SE2d 507) (1991).

In light of the above, we hold that the trial court properly dismissed plaintiff's complaint against DOC. The trial court also properly dismissed plaintiff's complaint against Bailey to the extent the complaint was based on alleged violations of state tort law, but the court erred in dismissing the complaint against Bailey to the extent it set forth a claim for alleged civil rights violations under 42 USC § 1983.

*Judgment affirmed in part and reversed in part. Andrews and*

548

*Smith, JJ., concur.*

DECIDED MAY 29, 1996.

Donald V. Mattox, *pro se.*
Michael J. Bowers, Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, Leonard C. Gregor, Jr., Assistant Attorney General, for appellees.