A96A1235. BROOKS v. BARRY et al.
(478 SE2d 616)

RUFFIN, Judge.

James Brooks, an inmate at Bostick Correctional Institution ("BCI"), sued Bob Barry, the assistant warden of care and treatment at BCI, and Dr. Joseph Fowlkes, the medical director of BCI. Brooks alleged that Barry forced him to attend a substance abuse class at BCI even though he does not have a history of substance abuse and that Dr. Fowlkes altered his prescribed medication without discussing the matter with him. The trial court dismissed the action because Brooks failed to file the mandatory ante litem notice under the Geor-

gia Tort Claims Act (OCGA § 50-21-26). Brooks appeals, and we affirm.

1. In his first enumeration of error, Brooks claims the trial court erred in dismissing his complaint under OCGA §§ 50-21-25 and 50-21-26 since Barry was sued individually. OCGA § 50-21-25 (a) provides: "[The Georgia Tort Claims Act] constitutes the exclusive remedy for any tort committed by a state officer or employee. A state officer or employee who commits a tort while acting within the scope of his or her official duties or employment is not subject to lawsuit or liability therefor." OCGA § 50-21-26 provides that notice must be given prior to the filing of any action under the Georgia Tort Claims Act.

While Brooks contends his action does not assert a claim under the Georgia Tort Claims Act, " '[m]erely styling a suit against a public officer as one brought against him personally does not deprive him of any immunity to which he might otherwise be entitled for his official acts (under the Georgia Tort Claims Act). [Cit.]' [Cit.]" *Coultas v. Dunbar*, 220 Ga. App. 54, 58 (467 SE2d 373) (1996). There being no competent evidence in the record that Barry acted in any capacity other than his official capacity, the trial court correctly granted his motion to dismiss for failure to file the requisite ante litem notice. *Howard v. Miller*, 222 Ga. App. 868, 870 (1) (476 SE2d 636) (1996).

2. In his second enumeration of error, Brooks contends the trial court erred in dismissing his claim against Dr. Fowlkes since he was an independent contractor. Even if Dr. Fowlkes is considered an independent contractor and not a state employee under the Georgia Tort Claims Act, which we need not decide in this case, it is clear that Brooks' allegations against Dr. Fowlkes sound in malpractice. Under OCGA § 9-11-9.1 (a), a plaintiff is required to attach an affidavit setting forth at least one negligent act or omission and the factual basis for each such claim in any civil action alleging a negligent act or omission on the part of a physician. No such affidavit was filed in the present case. Hence, dismissal of the action against Dr. Fowlkes was appropriate. OCGA § 9-11-9.1 (e). "A correct decision of a trial court will not be reversed, regardless of the reasons given therefor." (Citations and punctuation omitted.) *Watts v. Wayne County Bd. of Ed.*, 201 Ga. App. 777, 779 (412 SE2d 541) (1991).

3. In his third enumeration of error, Brooks asserts the trial court denied his due process rights and right to a trial by jury in dismissing his action. Since we have already determined that the trial court correctly dismissed Brooks' action, this claim lacks merit.

4. In his last enumeration of error, Brooks contends the Georgia Tort Claims Act violates the United States Constitution. "Although the Supreme Court has jurisdiction when the constitutionality of a state law has been properly raised, we are not divested of jurisdiction

in this case. Because the constitutional challenge was not raised in the trial court, this enumeration of error presents nothing for appellate review. [Cits.]" *Maynard v. State of Ga.*, 217 Ga. App. 344, 345 (1) (457 SE2d 253) (1995).

5. Appellees' request for a frivolous appeal penalty is hereby denied.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 5, 1996 —
RECONSIDERATION DISMISSED NOVEMBER 22, 1996 —

James Brooks, *pro se.*

*Michael J. Bowers, Attorney General, George P. Shingler, Deputy Attorney General, John C. Jones, Senior Assistant Attorney General, Law Offices of William Tinkler, Jr., William P. Tinkler, Jr., Stephen D. Morrison, Jr.,* for appellees.