**Andrea GLENN, Plaintiff/Appellant,**

v.

**STATE of Oklahoma ex rel. DEPARTMENT OF CORRECTIONS, Defendant/Appellee.**

**No. 88727.**

Court of Civil Appeals of Oklahoma, Division No. 1.

April 1, 1997.

Certiorari Denied July 1, 1997.

Bill V. Wilkinson, Richard A. Ford, Wilkinson Law Firm, Tulsa, for Appellant.

A. Drew Edmondson, Attorney General of Oklahoma, Charles K. Babb, Assistant Attorney General, Oklahoma City, for Appellee.

JOPLIN, Judge.

Andrea Glenn (Inmate) seeks review of the trial court's order granting the motion to dismiss of the State of Oklahoma, ex rel. Department of Corrections (State) in Inmate's 42 U.S.C. § 1983 action. Having reviewed the record, however, we find the trial court did not err in granting State's motion to dismiss, and hold the trial court's order should be affirmed.

Inmate filed her petition while incarcerated in an Oklahoma State Correctional Facility, alleging that a correctional training officer employed by State had sexually assaulted her, violating Inmate's constitutional and civil rights and rendering her claim actionable under § 1983. State moved to dismiss, arguing that a § 1983 action does not lie against a state in a state court suit. The trial court agreed, and granted the motion to dismiss. Inmate appeals, and the matter stands submitted for accelerated appellate review on the trial court record under Rule 4(m), Rules for District Courts, 12 O.S.Supp.1993, Ch. 2, App., and Rule 1.203, Rules of Appellate Procedure in Civil Cases, 12 O.S.Supp.1993, Ch. 15, App. 2.

The United States Supreme Court has spoken directly on this issue. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). In *Will,* a state employee commenced an action in the state district court against the department of police and its director alleging violation of civil rights under § 1983.[1] The trial court dismissed the action, and after an exhaustive analysis, the Supreme Court held that a state—or an "arm" thereof—is not a "person" within the meaning of § 1983, hence not subject to § 1983 liability in a state court suit, and affirmed the order of the trial court. *Will,* 491 U.S. at 71, 109 S.Ct. at 2312.

Notwithstanding the holding in *Will,* Inmate argued State was a "person" by statutory definition and thus subject to the provisions of § 1983. 25 O.S.1991 §§ 1101, 1201. However, we find those sections inapplicable. As part of Oklahoma's statutory anti-discrimination scheme, section § 1101 clearly states its purpose, i.e., to "provide for execution within the state of the policies embodied" in the federal Civil Rights Act of 1964, the federal Age Discrimination in Employment Act of 1967, and the federal Rehabilitation Act of 1973. There is no mention of § 1983. Although § 1201 indeed defines "person" as including the state or any governmental entity or agency, this definition is specifically restricted by its own terms to application only for the purposes of the anti-discrimination provisions, i.e., to promote enforcement of the policies expressed in the specifically enumerated federal acts prohibiting discrimination. Accordingly, we find this argument without merit.

In the present case, Inmate sought to impose § 1983 liability on an "arm" of the State, the Department of Corrections. As an arm of the State, however, DOC is not a "person" under § 1983. *See, Howlett By and Through Howlett v. Rose,* 496 U.S. 356, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990) (state not subject to suit in state court § 1983 action). *See also, Pruitt v. Hess,* 923 P.2d 325 (Colo.App.1996) (Department of Correc-

tions not "person" subject to suit in state court § 1983 action); *accord, Latullas v. State,* 658 So.2d 800 (La.App.1995); *Mattox v. Bailey,* 221 Ga.App. 546, 472 S.E.2d 130 (1996). Inmate can therefore prove no set of facts entitling her to relief under § 1983, rendering dismissal of her § 1983 action proper. *See, Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Frazier v. Bryan Memorial Hosp. Authority,* 775 P.2d 281, 287 (Okla.1989).

The order of the trial court granting State's motion to dismiss is therefore

AFFIRMED.

HANSEN, P.J., and BUETTNER, J., concur.

---

1. 42 U.S.C. § 1983 provides in pertinent part as follows:

   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured ...