## A99A0621. HORTON v. WHITAKER.
(518 SE2d 712)

Judge Harold R. Banke.

Shirley Marie Horton sued Jerrie Whitaker for personal injuries allegedly caused by an automobile collision for which Whitaker was cited for running a stop sign. Horton lodged her suit solely against Whitaker individually and did not name any government entity as a party.

Whitaker responded that she was constitutionally entitled to immunity as a state employee. Whitaker asserted that the lawsuit was barred by the Georgia Tort Claims Act as well as by Horton's failure to comply with OCGA § 50-21-26's notice provisions. In a verified response to Horton's interrogatories, Whitaker stated that for about nine years she had been an employee of the State of Georgia, Department of Human Resources.

Filing a "special appearance answer," the State agreed with Whitaker and moved to dismiss the complaint. The State, on behalf of Whitaker, sought dismissal premised on Whitaker's status as a State employee acting within the scope of her employment. Whitaker separately moved for dismissal and offered two affidavits to prove that at the time of the accident, she was acting within the scope of her employment as an employee of the Community Service Board of Middle Georgia ("Board") while operating a Department of Human Resources van carrying mentally impaired clients of the Board.[1]

Relying upon that testimony, the trial court converted the motions to dismiss to ones for summary judgment. Finding that Whitaker, as a State employee, was immune from suit and from tort liability and that Horton failed to provide the ante litem notice mandated by a subsection of the Tort Claims Act, the trial court granted summary judgment. *Held*:

In her sole enumeration of error, Horton contends that summary judgment was improperly granted because she was suing Whitaker in an individual capacity for injuries caused by Whitaker's violation of State law occurring while Whitaker was performing a ministerial duty as a State employee.

Merely styling a suit against a public officer as one brought against such person personally does not deprive the officer of immunity to which she might otherwise be entitled under the Tort Claims Act. *Coultas v. Dunbar*, 220 Ga. App. 54, 58 (467 SE2d 373) (1996); *Brooks v. Barry*, 223 Ga. App. 648, 649 (1) (478 SE2d 616) (1996). Thus, the fact that Horton sued Whitaker as an individual would not preclude the assertion of the defense of immunity. *Riddle v. Ashe*, 269

---

[1] At a hearing, the State's counsel informed the court that the proper party to the suit was the State. Counsel also said that the van was owned and insured by the State.

Ga. 65, 66 (1) (495 SE2d 287) (1998). Moreover, before suit can be filed against the State, ante litem notice is an essential condition precedent. *Howard v. State of Ga.*, 226 Ga. App. 543 (1) (487 SE2d 112) (1997). Strict compliance with the notice provisions of OCGA § 50-21-26 (b) is mandatory. *McGee v. State of Ga.*, 227 Ga. App. 107 (1) (487 SE2d 671) (1997).

Here, the incident at issue occurred on May 31, 1996, and Horton did not file suit until nearly two years later. Inasmuch as the record contains no evidence showing that Horton provided timely notice of her claim to the State, the action is procedurally foreclosed provided that Whitaker was a State employee acting within the scope of her employment at the time of the accident. See *McGee*, 227 Ga. App. at 109 (2).

However, the State now requests that we vacate the trial court's order due to the State's recent discovery that Whitaker was not, in fact, an employee of the State at the time of the accident. The State contends, apparently for the first time, that the "legal conclusion" that Whitaker was a State employee was erroneous because Whitaker was an employee of a community service board and such boards are not agencies of the State. The State's legal argument is correct.

By law, community service boards "shall not be considered agencies of the state, or any specific county or municipality. Such community service boards are public agencies in their own right and shall have the same immunity as provided for counties." OCGA § 37-2-11.1 (c) (1). Thus, the immunity of such boards is co-extensive with that of counties. Cf. *Coffey v. Brooks County*, 231 Ga. App. 886, 888 (2) (500 SE2d 341) (1998) (official immunity inapplicable to county employees who negligently perform ministerial acts or who act with actual malice or an intent to injure).

In light of the disputed factual issue as to Whitaker's employment status, we reverse. If the trier of fact determines that Whitaker was a State employee at the time of the collision, then the trial court should enter judgment for Whitaker due to Horton's failure to provide ante litem notice. If the trier of fact decides that Whitaker was not a State employee but was a Board employee at the time of the collision, then the trier of fact must resolve whether Whitaker's actions arose from the use of a motor vehicle covered by an insurance policy. See, e.g., *Woodard v. Laurens County*, 265 Ga. 404, 405 (1) (456 SE2d 581) (1995).

> A county's sovereign immunity [is] waived pursuant to OCGA § 33-24-51 (b), but only "to the extent of the amount of liability insurance purchased for the negligence of (county) officers, agents, servants, attorneys, or employees *arising from the use of a motor vehicle*." [Cit.]

(Emphasis in original.) Id.; see *Saylor v. Troup County*, 225 Ga. App. 489 (484 SE2d 298) (1997); *Blumsack v. Bartow County*, 223 Ga. App. 392, 394 (1) (477 SE2d 642) (1996).

*Judgment reversed and case remanded with direction. Blackburn, P. J., and Barnes, J., concur.*

DECIDED MAY 27, 1999.

*Ken W. Smith*, for appellant.

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Loretta L. Pinkston, Senior Assistant Attorney General, Brenda A. Raspberry, Assistant Attorney General, Brown & Livingston, Becky D. Livingston*, for appellee.