A00A2489. WANG v. MOORE et al.
(544 SE2d 486)

ELLINGTON, Judge.

James K. L. Wang, a former associate professor of physics at Gordon College, sued his supervisors, Dewitt Moore and Andrea Hardin, in their individual capacities for wrongful termination.[1] Hardin and Moore moved for summary judgment on sovereign immunity and other grounds.[2] The superior court granted the motion, and Wang appeals. Wang contends Hardin and Moore are not entitled to immunity for their allegedly intentional and malicious act of firing him. Finding no error, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment

---

[1] Wang alleges six causes of action, all of which are based upon Hardin and Moore's decision to terminate his employment: wrongful termination (Count 1), tortious interference with contract (Count 2), acting without authority by failing to follow administrative procedures (Count 3), civil conspiracy (Count 4), illegally taking his salary (Count 5), and failure to comport with procedural due process (Count 6).

[2] Hardin and Moore filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim or, in the alternative, for summary judgment. Because matters outside the pleadings were presented to and not excluded by the trial court in disposing of the motion to dismiss, the motion was converted into a motion for summary judgment. *White House, Inc. v. Winkler*, 202 Ga. App. 603, 605-606 (415 SE2d 185) (1992).

as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Viewed in this light, the record reveals that Wang was a nontenured faculty member of Gordon College and an employee of the Board of Regents of the University System of Georgia. Moore, as the Division Chair, was Wang's immediate supervisor. Among his many duties, Moore was responsible for evaluating faculty for termination. Moore was directly responsible to Hardin, the Vice President for Academic Affairs and Dean of the Faculty at Gordon College. Hardin, as the chief academic officer for the college and designated representative of the president, administers college policies, discharges those duties which the president may assign to her, and hires, fires, and disciplines faculty members at Gordon College.

In July 1999, Wang told Moore in a brief conversation that he might need to take off the first week or two of school to move his wife from Florida to Georgia. On August 9 and 11, 1999, Wang wrote Moore and requested in writing permission to be absent from August 16-20, 1999 — the entire first week of classes during which time Wang was responsible for eight lectures and four labs. After consulting with Hardin, Moore informed Wang both verbally and in writing that his request was denied and that missing the first week of class would be both a neglect of his duties and insubordination. Wang insisted that he be granted leave. Moore advised Wang, verbally and in a second memo, that his decision was unchanged and that Wang should revise his plans. Wang did not try to change his plans. Despite Moore's warnings, Wang was absent the first week of classes.

On August 23, 1999, Wang, Hardin, and Moore met to discuss Wang's unauthorized absence. Wang did not apologize, but insisted that his actions were necessary. Moore recalled Wang saying: "I did what I had to do. You have to do what you have to do." Hardin offered Wang the opportunity to resign, which Wang rebuffed, explaining: "I wouldn't jump. I wouldn't ask how high. I just wouldn't do everything she told me to do." Hardin fired Wang that day and notified him in writing that he had five days to appeal the decision to the president of the college. Wang did not timely pursue his administrative remedies, but instead filed his complaint on November 8, 1999. Wang did not file his ante litem notice before he filed suit, as required by OCGA § 50-21-26 (a) (3). Rather, he filed it on December 28, 1999. Finally, although Wang's administrative appeal was untimely, the

Board of Regents reviewed it and affirmed it on February 9, 2000.

Wang does not contest that the decision to terminate his employment is governed by the Policy Manual of the Board of Regents, § 803.11 (Removal of Faculty Members), which provides that

> [t]he President . . . may at any time remove any faculty member . . . for cause. . . . Whenever the words "President" or "Administration" are used in these procedures, they shall be construed to include the designated representative of the president.

Further, § 803.9 (Tenure) provides that a nontenured faculty member may be terminated for neglect of duties, disruption of any teaching activity, or other unauthorized activity.

1. Wang contends that Hardin and Moore are not entitled to immunity and that the Georgia Tort Claims Act ("GTCA") is inapplicable to his case because "there is no sovereign immunity for intentional wrongdoers acting with malice and intention to cause injury." In support of this contention, Wang cites to an excerpt from the Georgia Constitution: "all officers and employees of the state . . . may be subject to suit . . . [if] they act with actual malice or [with actual] intent to cause injury in the performance of their official functions."[3] Wang, however, neglects to note that this provision begins with the qualifying language "[e]xcept as specifically provided by the General Assembly in a State Tort Claims Act." Wang's argument oversimplifies the applicable immunity analysis.

The GTCA provides the exclusive remedy for any tort committed by a state officer or employee acting within the scope of his or her official or employment duties. OCGA § 50-21-25 (a); *Riddle v. Ashe*, 269 Ga. 65, 66 (1) (495 SE2d 287) (1998). Therefore, in any case against a public employee, regardless of the nature of the tort alleged, we must first determine whether the GTCA applies to the cause of action. In this case, the GTCA applies because the cause of

---

[3] The entire provision reads:

Except as specifically provided by the General Assembly in a State Tort Claims Act, all officers and employees of the state or its departments and agencies may be subject to suit and may be liable for injuries and damages caused by the negligent performance of, or negligent failure to perform, their ministerial functions and may be liable for injuries and damages if they act with actual malice or with actual intent to cause injury in the performance of their official functions. Except as provided in this subparagraph, officers and employees of the state or its departments and agencies shall not be subject to suit or liability, and no judgment shall be entered against them, for the performance or nonperformance of their official functions. The provisions of this subparagraph shall not be waived.

Ga. Const. of 1983, Art. I, Sec. II, Par. IX (d).

action arose after the statute's effective date,[4] Hardin and Moore are "state employees" as that term is defined in the GTCA,[5] and Hardin and Moore were both acting within the scope of their employment duties when Hardin fired Wang.[6] Consequently, we look to the GTCA to determine whether Hardin and Moore are entitled to immunity.

As we have held:

> "A state officer or employee who commits a tort while acting within the scope of his or her duties or employment is not subject to lawsuit [or] liability therefor." Moreover, "(a) person bringing an action against the state under the provisions of this article must name as a party defendant only the state government entity for which the state officer or employee was acting and shall not name the state officer or employee individually. In the event that the state officer or employee is individually named for an act or omission . . . , the state government entity for which the state officer or employee was acting must be substituted as the party defendant." OCGA § 50-21-25 (b).

*Bd. of Regents &c. of Ga. v. Frost*, 233 Ga. App. 692, 693-694 (1) (505 SE2d 236) (1998). Because Hardin and Moore were both acting within the scope of their duties when they fired Wang, they are both immune from suit for any cause of action arising out of the act of firing Wang. Id.

Further, because Wang could sue the Board of Regents only for damages allegedly arising out of the performance of Hardin's and Moore's duties, and because he did not name the Board of Regents as a party nor did he properly serve ante litem notice before suit was

---

[4] The statute became effective July 1, 1992, and applied retroactively to tort claims or causes of action which accrued on or after January 1, 1991. OCGA § 50-21-27 (a); Ga. L. 1992, p. 1883, § 1; *Dept. of Transp. v. Bishop*, 216 Ga. App. 57 (1) (453 SE2d 478) (1995). Wang was fired on August 23, 1999.

[5] Hardin and Moore are both faculty members employed by Gordon College, a unit of the Board of Regents of the University System of Georgia, a state agency. Thus, appellees fall within the definition of "state employee" found at OCGA § 50-21-22 (7). *Wilson v. Bd. of Regents &c. of Ga.*, 262 Ga. 413, 414 (3) (419 SE2d 916) (1992).

[6] Wang concedes that his "dismissal was conducted within the walls of the Gordon College campus and during the administration of other duties of the [appellees] and under color of authority." Moreover, Wang offered no competent evidence that Hardin and Moore acted in any capacity other than their official capacities. "[M]erely styling a suit against a public officer as one brought against him personally does not deprive him of any immunity to which he might otherwise be entitled for his official acts under the Georgia Tort Claims Act." (Citations and punctuation omitted.) *Brooks v. Barry*, 223 Ga. App. 648, 649 (1) (478 SE2d 616) (1996). And, simply alleging that Hardin and Moore acted intentionally and with malice is insufficient to take their actions outside the scope of their official duties as a matter of law. *Rayburn v. Farnesi*, 70 FSupp.2d 1334, 1341-1342 (III) (A) (N.D. Ga. 1999); see also *Mattox v. Bailey*, 221 Ga. App. 546 (1) (472 SE2d 130) (1996).

filed, as required under OCGA § 50-21-26 (a) (3), any suit against the Board of Regents was "procedurally foreclosed." See *Horton v. Whitaker*, 238 Ga. App. 312, 313 (518 SE2d 712) (1999); *Brooks v. Barry*, 223 Ga. App. at 649 (1); *Howard v. Miller*, 222 Ga. App. 868, 871-872 (1) (b) (476 SE2d 636) (1996). Consequently, the superior court properly granted summary judgment in favor of Hardin and Moore.

2. Our holding in Division 1 makes it unnecessary to consider Wang's remaining enumerations of error.

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 9, 2001 —
RECONSIDERATION DENIED JANUARY 24, 2001 —

*Shuman & Associates, Robert W. Shuman, Thomas R. Morgan, Jr.,* for appellant.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, Susan L. Rutherford, Senior Assistant Attorney General, Gray, Hedrick & Edenfield, Bruce M. Edenfield, Evan R. Mermelstein,* for appellees.