## A01A0054. HARDIN et al. v. PHILLIPS.
### (547 SE2d 565)

MIKELL, Judge.

This case is before us on interlocutory review of the trial court's denial of appellants' motion to dismiss or, in the alternative, for summary judgment.[1] David J. Phillips contends that appellants Dewitt

---

[1] Since the trial court considered matters outside the pleadings, the motion to dismiss was converted to one for summary judgment. *Firstline Corp. v. Valdosta-Lowndes County Indus. Auth.*, 236 Ga. App. 432, 434 (2) (511 SE2d 538) (1999).

Moore, Andrea Hardin, and Jerry Williamson tortiously interfered with his contractual rights with Gordon College by denying him tenure. Because we find that the appellants are protected from liability by the immunity afforded by the Georgia Tort Claims Act (GTCA), we reverse.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law."[2]

So viewed, the record shows that Phillips was a mathematics professor at Gordon College, which is a two-year unit of the University System of Georgia. Phillips' immediate supervisor was appellant Moore, who is the chair of the natural sciences and nursing division. As a part of his responsibilities, Moore evaluates faculty for promotion, tenure, and salary increases and reports his recommendations to Hardin, the vice-president of academic affairs and the dean of the faculty. Hardin's duties include developing college credit programs and courses of instruction and making tenure recommendations to the president of the college, Williamson. As president, Williamson is responsible for making annual recommendations to the Board of Regents of the University System of Georgia (the "Board") pertaining to the election or reelection of the faculty and faculty salaries and promotions.[3] With respect to decisions regarding tenure, both Williamson's and Hardin's responsibilities include complying with the Gordon College faculty handbook and the Board's policy manual.

Hardin informed Phillips by letter dated February 11, 1999, that she would not recommend Phillips for tenure for the 1999-2000 school year. In her letter, Hardin explained that she arrived at her decision after considering the recommendations of the Committee on Promotion & Tenure and Phillips' division head (Moore) and the needs of the college. Hardin did, however, recommend that Phillips receive a merit salary increase for the 1999-2000 school year.

Phillips appealed the denial of his application for tenure to the Board. The Board denied Phillips' appeal on May 12, 1999.[4] On November 22, 1999, Phillips filed a 12-count complaint against the appellants, alleging that while acting in their individual capacities and outside the scope of their employment, appellants conspired to

---

[2] (Citation omitted.) *J. H. Harvey Co. v. Reddick*, 240 Ga. App. 466, 467 (1) (522 SE2d 749) (1999).

[3] Williamson is also responsible for following the dictates of the Board regarding the school calendar, which Phillips alleged was changed to injure him.

[4] Phillips did not pursue the next avenue of appeal, i.e., a petition for a writ of certiorari to superior court.

tortiously interfere with his contract and tortiously interfered with his contractual rights.

In his complaint, Phillips alleged that appellants committed the following acts: (1) altered, misrepresented, and falsified his 1998 evaluation scores and deprived him of a merit rate increase (Counts 2 and 3); (2) denied him tenure for the 1999-2000 school year (Counts 1, 4, and 5); (3) eliminated a project which deprived him of tenure (Count 6); (4) thwarted his efforts to seek review of the denial of tenure for the 1999-2000 school year (Counts 7 and 8); (5) changed the policies governing tenure, thus depriving him of tenure (Count 9); (6) made undisclosed changes to the school calendar (Counts 10 and 11); and (7) caused Gordon College to breach his 1999-2000 employment contract (Count 12). Appellants filed a motion to dismiss or, in the alternative, for summary judgment, on the grounds that Phillips' complaint was barred under the doctrines of official and sovereign immunity provided them by the GTCA. The trial court denied appellants' motion. It is from this order denying their motion that appellants appeal.

1. In 1992, the General Assembly enacted the GTCA, which is codified at OCGA § 50-21-20 et seq. The GTCA is the exclusive remedy for any tort committed by a state officer or employee.[5] OCGA § 50-21-25 (a) provides: "A state officer or employee who commits a tort while acting within the scope of his or her official duties or employment is not subject to lawsuit or liability therefor." Appellants argue that they are entitled to the immunity afforded state employees by the GTCA because all actions taken with respect to Phillips' denial of tenure were conducted within the scope of appellants' authority. Further, appellants argue, this immunity is not abrogated by Phillips' allegations that their actions were ill-intentioned or motivated by malice.

In order to decide whether the appellants are entitled to the immunity they claim, which is a question of law,[6] we must determine three issues: (1) whether the GTCA applies to this action; (2) whether appellants are state employees; and if so, (3) whether their actions were committed within the scope of their employment. The GTCA applies to this case because Phillips' cause of action arose in 1999, which is after the statute's effective date.[7] Furthermore, appellants are employed by Gordon College, which is a unit of the Board of Regents of the University System of Georgia, a state agency; thus,

---

[5] OCGA § 50-21-25 (a); see also Ga. Const. of 1983, Art. I, Sec. II, Par. IX (a).

[6] See *City of Valdosta v. Bellew*, 178 Ga. App. 423, 425 (343 SE2d 111) (1986).

[7] "It is the specific intent of the General Assembly that this article shall operate retroactively so as to apply to tort claims or causes of action which accrued on or after January 1, 1991." OCGA § 50-21-27 (a).

they are "state employees" as that term is defined in OCGA § 50-21-22 (7).[8] As to the third issue, Phillips argues that because appellants' actions were conducted with the intent to injure him, they necessarily fell outside of the scope of their employment; thus, appellants are subject to liability for those actions. We disagree.

Phillips urges the application of the standard set forth in the 1991 amendment to the Georgia Constitution of 1983 to this case.[9] This standard, however, which makes state officials and employees liable for official functions performed with actual malice or intent to cause harm, does not apply to cases involving state employees that are protected by the GTCA. In fact, on its face, the amendment specifically excepts those cases governed by the GTCA.[10] As stated earlier, the GTCA applies to this case.

"[B]oth the provisions of the [GTCA] and the case law interpreting it demonstrate that the Act provides immunity from liability for torts committed during a state employee's performance of official duties without regard to intent or malice."[11] In *Mattox v. Bailey*,[12] the plaintiff, an inmate, claimed that the defendant correctional officer, who slammed the plaintiff's head into a door and beat him while escorting him across prison grounds, violated the GTCA. Because the alleged battery arose from the performance of Bailey's official duties as a correctional officer, we held that the plaintiff's claim was barred by the GTCA.[13] In *Wang v. Moore*,[14] which alleged interference with business/contractual relations, as is alleged here, we held that the conduct of firing the plaintiff, despite allegations that the defendants were motivated by malice, was within the scope of the defendants' duties. Thus, the defendants were entitled to immunity under the GTCA. The same result is warranted here.

In this case, Moore was responsible for evaluating faculty members and making recommendations to Hardin. Hardin's responsibili-

---

[8] *Wang v. Moore*, 247 Ga. App. 666, 669, n. 5 (544 SE2d 486) (2001). We note that two of the appellants in this case, Hardin and Moore, were the appellees in *Wang v. Moore*.

[9] Except as specifically provided by the General Assembly in a State Tort Claims Act, all officers and employees of the state or its departments and agencies may be subject to suit and may be liable for injuries and damages caused by the negligent performance of, or negligent failure to perform, their ministerial functions and may be liable for injuries and damages if they act with actual malice or with actual intent to cause injury in the performance of their official functions.
Ga. Const. of 1983, Art. I, Sec. II, Par. IX (d).

[10] Id.

[11] *Rayburn v. Farnesi*, 70 FSupp.2d 1334, 1342 (III) (A) (N.D. Ga. 1999) (foster parents entitled to immunity under the GTCA where they are alleged to have physically abused children placed in their care).

[12] 221 Ga. App. 546 (472 SE2d 130) (1996).

[13] Id. at 546 (1). We did note, however, that a liberal reading of the plaintiff's complaint revealed a potentially valid 42 USC § 1983 action against the defendant. Id. at 547 (2).

[14] Supra at 669 (1).

ties included reviewing the faculty members' performance and making tenure recommendations to Williamson. Williamson, as president of the college, was responsible for making recommendations on tenure and promotions to the Board annually and following the dictates of the Board. The actions taken by each appellant with respect to Phillips' application for tenure sit squarely within the confines of their official duties as administrators at Gordon College. Thus, despite allegations that their actions were motivated by malice and ill-intent, appellants are entitled to immunity under the GTCA. Furthermore, the fact that Phillips' lawsuit is styled against the appellants individually is inapposite. "Merely styling a suit against a public officer as one brought against him personally does not deprive him of any immunity to which he might otherwise be entitled for his official acts under the [GTCA]."[15]

2. Appellants' contention in their second enumeration of error that Phillips' complaint is also barred by an exception to the state's waiver of sovereign immunity is correct. The GTCA specifically provides that the state shall have no liability for losses resulting from interference with contractual relations.[16] Thus, the GTCA not only bars Phillips' complaint against the individual state employees, as discussed in Division 1, but it also would have precluded a claim against the state.

Phillips' argument that the exception does not include "interference with business relations" is meritless. We have held that the elements of interference with business relations and interference with contractual relations are the same.[17]

Because we find that the appellants are entitled to immunity under the GTCA and that the GTCA bars Phillips' complaint, we reverse the trial court's denial of appellants' motion for summary judgment.

*Judgment reversed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 21, 2001 —
RECONSIDERATION DENIED MAY 9, 2001.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, Susan L. Rutherford, Senior Assistant Attorney General, Gray, Hedrick & Edenfield, Bruce M. Edenfield, Evan R. Mermelstein, for appellants.*

---

[15] (Citations and punctuation omitted.) *Coultas v. Dunbar*, 220 Ga. App. 54, 58 (467 SE2d 373) (1996).

[16] OCGA § 50-21-24 (7).

[17] *Witty v. McNeal Agency*, 239 Ga. App. 554, 561 (4) (521 SE2d 619) (1999).

*Shuman & Associates, Robert W. Shuman, Thomas R. Morgan, Jr.,* for appellee.