## S01G0053. RIDLEY v. JOHNS et al.
(552 SE2d 853)

BENHAM, Justice.

Jane Johns worked for the Heard County Department of Family and Children Services ("DFCS") under the supervision of Jere R. Ridley. Based on what she alleged was 13 months of harassment, Johns filed suit against Ridley and DFCS for slander, libel, intentional infliction of emotional distress, and invasion of privacy. Johns's husband, now deceased, sued the same defendants for loss of consortium and intentional infliction of emotional distress. The claims for slander and libel were subsequently dismissed by the Johnses. The trial court granted summary judgment to Ridley on the basis of official immunity under the State Tort Claims Act (see OCGA § 50-21-25 (a)), and granted partial summary judgment to DFCS. The Court of Appeals affirmed the grant of summary judgment to DFCS, but reversed the grant of summary judgment to Ridley, holding that since the jury could have found the existence of actual malice or actual intent to injure, the trial court erred in granting summary

judgment. *Johns v. Ridley*, 245 Ga. App. 710 (1) (537 SE2d 746) (2000). This Court granted Ridley's petition for a writ of certiorari and posed the following question:

> Whether the Court of Appeals correctly held that state officers and employees can be sued personally for an intentional or malicious tort committed in the performance of their official duties. See Art. I, Sec. II, Par. IX (d) of the Georgia Constitution of 1983; OCGA § 50-21-20 et seq.; *Mattox v. Bailey*, 221 Ga. App. 546 (1) [(472 SE2d 130)] (1996); *Rayburn v. Farnesi*, 70 FSupp2d 1334, 1341 (III) (A) (N.D. Ga. 1999).

In support of the proposition that the presence of actual malice or actual intent to injure strips a defendant state officer or employee of official immunity, the Court of Appeals relied primarily on the Georgia Constitution of 1983, Art. I, Sec. II, Par. IX (d), concluding that "[t]he 1991 amendment to the Georgia Constitution provides that state officers and employees 'may be liable for injuries and damages if they act with actual malice or with actual intent to cause injury in the performance of their official functions.'" *Johns v. Ridley*, supra at 711. Reliance on that constitutional provision was misplaced because essential qualifying language in the provision, to wit, "Except as specifically provided by the General Assembly in a State Tort Claims Act," was omitted from consideration by the Court of Appeals. The importance of that qualifying language is that the General Assembly has enacted a State Tort Claims Act which, without any exception for malicious acts, exempts state officers and employees from liability for any torts committed while acting within the scope of their official duties or employment. The statute is plain in its language as to the scope of its coverage and the extent of the immunity granted thereby: "This article constitutes the exclusive remedy for any tort committed by a state officer or employee. A state officer or employee who commits a tort while acting within the scope of his or her official duties or employment is not subject to lawsuit or liability therefor." OCGA § 50-21-25 (a). The only qualifying factor listed in the statute is that the tort was committed while the officer or employee was acting within the scope of his or her official duties or employment.[1] Since there is no exemption in the statute for acts motivated by malice or an intent to injure, the presence of such motivation has no effect on the immunity granted by the statute.

The Court of Appeals also relied on a decision of this Court,

---

[1] That factor is not at issue in the present case because the Johnses did not make it an issue on appeal. *Johns v. Ridley*, supra at 711.

*Adams v. Hazelwood*, 271 Ga. 414 (1) (520 SE2d 896) (1999), but that reliance was likewise misplaced. The defendant in *Adams* was a county employee, and although Art. I, Sec. II, Par. IX (d), Ga. Const. of 1983, applies to county employees (*Gilbert v. Richardson*, 264 Ga. 744 (1) (452 SE2d 476) (1994)), counties are expressly excluded from the waiver of immunity in the State Tort Claims Act. Id. Thus, the qualifying language in the constitutional provision does not apply to county employees, leaving them liable for torts committed with malice, even if committed while the employee is in the course of his or her official duties or employment.

We note that two different panels of the Court of Appeals have rejected the argument which was adopted by the Court of Appeals in the present case and reached decisions consistent with ours. *Hardin v. Phillips*, 249 Ga. App. 541 (1) (547 SE2d 565) (2001); *Wang v. Moore*, 247 Ga. App. 666 (1) (544 SE2d 486) (2001). Prior to those decisions and the decision below in this case, the same result had been reached by the Court of Appeals in *Mattox v. Bailey*, supra, and by the U.S. District Court for the Northern District of Georgia in *Rayburn v. Farnesi*, supra, reversed on other grounds, *Rayburn v. Hogue*, 241 F3d 1341 (11th Cir. Ga. 2001).

Because the Court of Appeals erred in the present case in concluding that malice or intent to injure could strip a state officer or employee of the immunity granted by the State Tort Claims Act for torts committed within the scope of his or her official duties or employment, its reversal of the trial court's grant of summary judgment to Ridley cannot stand.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 17, 2001.

*Van Gerpen & Associates, Earl J. Van Gerpen, Terry L. Strawser*, for appellant.

*Thurbert E. Baker, Attorney General, Kimberly L. Schwartz, Assistant Attorney General, Mills & Moss, David C. Moss*, for appellees.

*Gray, Hedrick & Edenfield, Bruce M. Edenfield, Evan R. Mermelstein*, amici curiae.