## A02A1510. HERNDON v. MOSLEY et al.
(571 SE2d 491)

MILLER, Judge.

A fifteen-year-old student injured when two correctional officers restrained him during his class's visit to a prison sued those officers individually. Finding undisputed evidence that the officers were acting within the scope of their official state duties, the trial court granted the officers' motion for summary judgment. The student appeals, claiming that the abusive and malicious nature of the officers' actions stripped away any immunity protection. We affirm on the ground that where a state officer is performing his official state duties, OCGA § 50-21-25 (a) immunizes those actions regardless of their malicious or abusive nature.

Construed in favor of the plaintiff student, the evidence showed that Rusty Herndon's school class was visiting a prison as part of a program designed to imbue students with the desire not to engage in behavior that would land them in prison. Prison officials warned the students to follow all tour instructions strictly. One instruction was that students were to keep their hands behind their backs and that they were not to place their hands in their pockets. Herndon forgot this instruction and placed his thumbs in the front pockets of his pants. The two correctional officers escorting the group confronted Herndon and required him to do push-ups. When Herndon refused to continue doing push-ups as demanded by the officers, the officers rushed him and abusively restrained him, injuring his knee, neck, nose, and lower back.

Herndon sued the two officers individually for the injuries. Nearly two years later the officers moved for summary judgment, submitting undisputed evidence that restraining and controlling students during such tours were within the scope of their official duties. Based on the immunity afforded by OCGA § 50-21-25 (a), the trial court entered summary judgment in their favor. Herndon appeals, arguing that abusively restraining a young student did not fall within the officers' state duties and that the court should not have ruled on the motions until depositions of the officers took place.

1. OCGA § 50-21-25 (a) provides: "A state officer or employee who commits a tort while acting within the scope of his or her official duties or employment is not subject to lawsuit or liability therefor." Cf. Ga. Const. of 1983, Art. I, Sec. II, Par. IX. Thus, an action against a state officer individually for torts committed while acting in an official capacity is improper and subject to summary disposition. *McGee v. State of Ga.*, 227 Ga. App. 107, 109 (2) (487 SE2d 671) (1997); see *Brooks v. Barry*, 223 Ga. App. 648, 649 (1) (478 SE2d 616) (1996). This immunity applies even if the officer acted intentionally and with malice. *Ridley v. Johns*, 274 Ga. 241, 242-243 (552 SE2d 853) (2001);

see *Hardin v. Phillips*, 249 Ga. App. 541, 544 (1) (547 SE2d 565) (2001) (OCGA § 50-21-25 (a) "provides immunity from liability for torts committed during a state employee's performance of official duties without regard to intent or malice") (punctuation and footnote omitted).

Here the correctional officers submitted undisputed evidence that they were acting within the scope of their official duties at the prison. As part of their official duties, the officers were commissioned to escort student tours through the prison. They were responsible to control the tour participants and to restrain and discipline any uncooperative participants by requiring push-ups and by using verbal means or physical force. Thus, the officers' actions here in requiring Herndon, who had disobeyed instructions, to do push-ups was within the scope of their official duties. Their further actions in restraining and disciplining him when he became uncooperative also fell within that scope. Herndon himself conceded that the officers were simply "trying to teach me discipline. . . ." Since no evidence showed that the officers were not acting within the scope of their official duties, summary judgment was proper. See *Brooks*, supra, 223 Ga. App. at 649 (1). Even if they performed such duties maliciously or with bad intent, immunity still protects them. *Ridley*, supra, 274 Ga. at 243. The trial court did not err in granting summary judgment to the officers. See *McGee*, supra, 227 Ga. App. at 109 (2); *Mattox v. Bailey*, 221 Ga. App. 546 (1) (472 SE2d 130) (1996) (no action available against correctional officer who, while escorting a prisoner, slammed that prisoner's head into a door and then beat him).

2. Herndon complains that the trial court should have delayed ruling on the motions for summary judgment until he had taken the depositions of the officers. The motions were filed a year and a half after the defendants' answers were filed and thus long after the six-month discovery period had expired. See Uniform Superior Court Rule 5.1. Herndon responded to the motions without invoking OCGA § 9-11-56 (f), which allows a party to ask for a continuance if that party shows by affidavit the need for additional affidavits or depositions or other discovery. Indeed, he did not even request the officers' depositions until weeks *after* responding to the summary judgment motions. Having failed to request a continuance or to submit any affidavits justifying a continuance, Herndon cannot now complain that the court erred in going forward and deciding the pending motions.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED SEPTEMBER 19, 2002 —

*Phillips & Kitchings, Richard Phillips, Joseph C. Kitchings*, for appellant.

*Thurbert E. Baker, Attorney General, Hicks, Casey & Barber, Mark A. Barber, Carlock, Copeland, Semler & Stair, Rebecca C. Wall, Adam L. Appel,* for appellees.