**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**October 28, 2013**

# In the Court of Appeals of Georgia

A13A0961. GOWEN OIL COMPANY v. STREAT.

ANDREWS, Presiding Judge.

Gowen Oil Company sued Jerry F. Streat claiming that, while Streat was working as a fuel pump calibration inspector for the Georgia Department of Agriculture (GDOA), Streat engaged in a conspiracy with fuel stations by accepting payments to inform the stations of the random dates on which GDOA planned to inspect their fuel pumps. Gowin alleged that this allowed the stations to improperly calibrate fuel pumps to dispense less fuel than was paid for by consumers and avoid detection during the GDOA inspections. Gowen sold fuel to the stations and claimed that, as a result of this fraudulent scheme, it suffered over $1,000,000.00 in damages to its business. Gowen's suit sought to hold Streat individually liable in tort for its damages based on alleged actions he took while he was working as an employee of

the GDOA. Streat moved for dismissal of the complaint pursuant to OCGA § 9-11-12 (b) (1) for lack of subject matter jurisdiction on the basis that, as an employee of the GDOA, he was immune from the suit under the Georgia Tort Claims Act (GTCA) set forth at OCGA § 50-21-20 et seq. Gowin appeals from the trial court's order granting the dismissal motion. For the following reasons we affirm.

Gowin does not dispute that, when Streat took the above-alleged actions, he was acting within the scope of his official duties or employment with a department of the State of Georgia, the GDOA. The GTCA provides broad immunity from tort suits and liability to state officers and employees acting within the scope of their state employment. The GTCA "constitutes the exclusive remedy for any tort committed by a state officer or employee. A state officer or employee who commits a tort while acting within the scope of his or her official duties or employment is not subject to lawsuit or liability therefor." OCGA § 50-21-25 (a). This means that state officers and employees (as defined in OCGA § 50-21-22 (7)) are immune from tort suits seeking to impose individual liability on them for any tort committed by them within the scope of state employment, including torts based on intentional wrongful conduct or actions taken with malice and intent to injure. *Ridley v. Johns*, 274 Ga. 241 (552 SE2d 853) (2001); *Ferrell v. Young*, 2013 WL 3358033 at *172-173 (Ga. App. July 5,

2

2013). This broad immunity from individual liability implements the legislative intent expressed in the GTCA that state officers and employees be free to act within the scope of their state employment without fear of lawsuits and loss of personal assets, and that "it is declared to be the public policy of this state that state officers and employees shall not be subject to lawsuit or liability arising from the performance or nonperformance of their official duties or functions." OCGA § 50-21-21 (b).

We find no support in the GTCA for Gowin's claim that Streat remained individually liable in tort for negligent ministerial acts or for acts performed with malice or intent to injure. *Dollar v. Olmstead*, 232 Ga. App. 520, 522-523 (502 SE2d 472) (1998); *Minor v. Barwick*, 264 Ga. App. 327, 336-337 (590 SE2d 754) (2003); *Hardin v. Phillips*, 249 Ga. App 541, 543-544 (547 SE2d 565) (2001). Regardless of whether Streat's alleged actions, taken within the scope of his state employment, were ministerial or done with malice or intent to injure, under the provisions of the GTCA, Streat was immune from Gowin's tort suit seeking to hold him individually liable.

Because the GTCA rendered Streat immune from the suit, the trial court correctly granted his motion under OCGA § 9-11-12 (b) (1) to dismiss the suit for lack of subject matter jurisdiction. *Dept. of Transp. v. Dupree*, 256 Ga. App. 668, 670-674 (570 SE2d 1) (2002).

*Judgment affirmed. Dillard and McMillian, JJ., concur.*