### A94A0871. JACKSON v. THE STATE.
(444 SE2d 854)

SMITH, Judge.

Michael V. Jackson was convicted by a jury of three counts of child molestation and sentenced as a recidivist. OCGA §§ 16-6-4 (a), (b); 17-10-7 (b). His motion for new trial was denied.

Construed to support the verdict, the evidence presented at trial showed that the victim was seven years old when Jackson married her mother. She testified that she sometimes slept in her mother's bed because she got "scared." When she did so, Jackson would molest her by touching her and placing his finger in her vagina. She was afraid to tell him to stop and "just lay still." She wrote her grandmother a note telling her about the molestation. She testified that when Jackson was confronted with the accusation, he denied it and "he said it was a dream[,] but it wasn't." Jackson left the home after the accusation, but the victim "felt sorry" for her mother and agreed that Jackson could return. He apologized to her for what he had done. She hoped he had changed and would not touch her again, but he continued to molest her. The abuse took place over a period of approximately four years. Eventually, she told other relatives, who told her father, and he informed the police. The victim's half-brother testified she told him of the abuse.

Kay Fulford, special agent principal with the GBI and a former DFCS caseworker with 25 years experience and training in cases involving sexual abuse of children, testified that she interviewed the victim at the request of the Ben Hill County Sheriff's Office. The victim was 12 years old at the time. Fulford's testimony regarding the information the victim had given her was completely consistent with the victim's testimony.

Jackson testified in his own defense and denied he had molested his stepdaughter. He testified that the victim resented him because he disciplined her and that there were times when she did not tell the truth.

Jackson's first four enumerations raise the general grounds. He argues the evidence was insufficient to support his conviction because the State did not establish venue and the testimony of Fulford was inadmissible hearsay. We do not agree.

The victim alleged that the molestation occurred in the trailer home she and her mother shared with Jackson. Fulford testified that although the mailing address for the trailer was in Rochelle, Georgia, the residence was physically located in Ben Hill County. Venue was

therefore established in Ben Hill County.

Contrary to Jackson's assertion, Fulford's testimony was clearly admissible under the Child Hearsay Statute, OCGA § 24-3-16. The evidence in this case was conflicting, and Jackson is correct in concluding that the crucial issue was the credibility of the victim. The jury, which received careful instructions regarding the credibility of witnesses, decided this issue against Jackson. On appeal this court does not weigh the evidence or determine the credibility of witnesses. *Sheats v. State*, 210 Ga. App. 622, 623 (2) (436 SE2d 796) (1993). The evidence was sufficient to authorize the jury to convict Jackson of the charged crimes under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Ahmed Al-Beti v. State*, 210 Ga. App. 312 (1) (436 SE2d 50) (1993).

In his brief, Jackson fails to support his remaining enumeration of error with argument or citation of authority. It is therefore deemed abandoned pursuant to Court of Appeals Rule 15 (c) (2). Having abandoned this enumeration in his initial brief, his attempt to supply argument and authority in a reply brief is unavailing. *Dimmick v. Pullen*, 120 Ga. App. 743, 744-745 (2) (172 SE2d 196) (1969).

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 1, 1994.

Child molestation. Ben Hill Superior Court. Before Judge Forrester.

*David E. Morgan III*, for appellant.

*John C. Pridgen, District Attorney, Denise D. Fachini, Assistant District Attorney*, for appellee.