A96A0455. MILLER v. DEPARTMENT OF PUBLIC SAFETY.
(470 SE2d 773)

ANDREWS, Judge.

Miller sued the Georgia Department of Public Safety (DPS) alleging that a Georgia State Patrol officer employed in the Uniform Division of the DPS used excessive force amounting to an unprovoked assault and battery upon his person while the officer was arresting him for a motor vehicle violation. In his complaint, Miller alleged causes of action under 42 USC § 1983 and under the Georgia Tort Claims Act (OCGA § 50-21-20 et seq.). The DPS answered and moved for dismissal of the complaint contending it was not subject to suit under 42 USC § 1983 and that it was entitled to the defense of sovereign immunity under provisions of the Georgia Constitution and the Tort Claims Act. The trial court granted DPS's motion to dismiss, and Miller appeals.

Miller concedes that he abandoned his claim under 42 USC § 1983 at the hearing on the motion to dismiss. Although he contends his claim against the DPS under the Tort Claims Act is not based on "the causes of action [for] assault and battery per se," Miller argues that he has a viable claim under the Tort Claims Act because the alleged assault and battery also constituted violations of his rights under the Georgia Constitution to protection of his person and equal protection under Art. I, Sec. I, Par. II and to protection from abuse while being arrested under Art. I, Sec. I, Par. XVII.[1]

Since the cause of action at issue accrued after January 1, 1991, this case is governed by the 1991 amendment to Art. I, Sec. II, Par. IX of the Georgia Constitution of 1983. *Curtis v. Bd. of Regents &c.*, 262 Ga. 226 (416 SE2d 510) (1992). Under that amendment, sovereign immunity was extended "to the state and all of its departments and agencies" and "can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver." Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e). Accordingly, as a department or agency of the state, the DPS is entitled to sovereign immunity absent a waiver thereof in accordance with the 1991 amendment. See *Gilbert v. Richardson*, 264

---

[1] Miller has abandoned his remaining enumerations of error by failing to support them in his initial brief with argument or citation of authority. Court of Appeals Rule 27 (c) (2); *Jackson v. State*, 213 Ga. App. 420, 421 (444 SE2d 854) (1994).

Ga. 744, 746-748 (452 SE2d 476) (1994); *Martin v. Dept. of Public Safety*, 257 Ga. 300 (357 SE2d 569) (1987) (applying sovereign immunity to the DPS under the pre-1991 provisions of the Georgia Constitution extending sovereign immunity to "the state and all of its departments and agencies").

The 1991 amendment also provided that the "General Assembly may waive the state's sovereign immunity from suit by enacting a State Tort Claims Act, in which the General Assembly may provide by law for procedures for the making, handling, and disposition of actions or claims against the state and its departments, agencies, officers, and employees, upon such terms and subject to such conditions and limitations as the General Assembly may provide." Ga. Const. of 1983, Art. I, Sec. II, Par. IX (a). Pursuant to the 1991 amendment, the General Assembly enacted the Georgia Tort Claims Act (OCGA § 50-21-20 et seq.), applicable to causes of action accruing after January 1, 1991, providing for a limited waiver of the sovereign immunity accorded to the State and its departments and agencies. OCGA §§ 50-21-23 (b); 50-21-22 (5). Under the provisions of the Tort Claims Act, the waiver of sovereign immunity accorded to the DPS as a department or agency of the State does not extend to "losses resulting from . . . [a]ssault [or] battery." OCGA § 50-21-24 (7); *Christensen v. State of Ga.*, 219 Ga. App. 10, 12-13 (464 SE2d 14) (1995); *Dept. of Human Resources v. Hutchinson*, 217 Ga. App. 70, 71-72 (456 SE2d 642) (1995). Since Miller's claims against the DPS for alleged violation of state constitutional rights are based on his allegations that the State Patrol officer committed an assault and battery upon his person, there was no waiver of sovereign immunity under the Tort Claims Act. There being no other applicable waiver of sovereign immunity, the trial court correctly dismissed the complaint.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED APRIL 19, 1996 —
RECONSIDERATION DENIED MAY 6, 1996 —

*Michael J. Kramer*, for appellant.

*Michael J. Bowers, Attorney General, George P. Shingler, Deputy Attorney General, Carlton L. Kell, Lisa S. Siegel, Matthew P. Stone, Assistant Attorneys General*, for appellee.