A97A1092. PREMO v. GEORGIA PORTS AUTHORITY.

(488 SE2d 106)

Judge Harold R. Banke.

Walter D. Premo appeals the summary judgment granted to the Georgia Ports Authority ("GPA") on all his claims.

During a surveillance operation, a GPA police officer apprehended Premo, a GPA truck driver, inside a shipping container, an unauthorized area. Officials accused Premo of opening a carton containing television sets. Premo was taken into custody and subsequently charged with burglary and criminal trespass. A jury convicted Premo of criminal trespass but acquitted him of the burglary charge.

GPA terminated Premo for violating its "Code of Good Conduct" which prohibited incidents of misconduct of "a highly serious nature." Premo claims that according to this Code, being in an unauthorized area was an offense requiring one written warning and a second violation within a six-month period before the GPA could discharge him. Premo appealed his termination through GPA's internal grievance procedures. He met three times with GPA personnel who reviewed his version of events that he had an emergency need to answer nature's call and entered what he thought was an empty container to relieve himself. GPA deemed Premo's termination final after he purportedly failed to comply with grievance procedures mandating that he schedule a fourth appointment for review of his termination.

Premo subsequently obtained employment with a local trucking concern but was allegedly discharged from that job because the GPA denied him access to its port facility. Premo then filed the underlying action, contending that GPA violated his rights to due process and equal protection under the Georgia Constitution, and that GPA wrongfully interfered with his contractual relations and business

opportunities with third parties when it terminated his employment and barred him from its premises. Premo sought general damages, special damages, and injunctive relief. After GPA moved for summary judgment, Premo timely filed a request for oral argument. Without conducting a hearing, the trial court ruled in favor of the GPA. Premo appeals.[1] *Held*:

1. Premo contends that the trial court erred in granting summary judgment to the GPA without affording him an opportunity to be heard pursuant to his request for oral argument under Uniform Superior Court Rule 6.3. *Pit Stop v. Jackson*, 216 Ga. App. 648 (1) (455 SE2d 358) (1995). We agree and reverse. Further, we decline the GPA's invitation to apply harmless error analysis. See *Dixon v. McClain*, 204 Ga. App. 531 (1), 532 (420 SE2d 66) (1992) (failure to hold hearing not subject to harmless error rationale because permitting exceptions would discourage adherence to mandatory rule). In the interest of judicial economy, we address the following legal issues because they may recur on the trial of this case. See *Townsend v. Wright*, 220 Ga. App. 324, 327 (2) (469 SE2d 281) (1996).

2. The trial court erred in holding that Premo's claims in their entirety constituted torts within the meaning of the Georgia Tort Claims Act. OCGA § 50-21-20 et seq.

(a) Pretermitting consideration of their merit, all of Premo's claims falling within the purview of the Tort Claims Act were procedurally barred due to Premo's undisputed failure to comply with that Act's mandatory notice provisions. OCGA § 50-21-26. Thus, the GPA was entitled to summary judgment on Premo's claim for damages for tortious interference with his contractual relations and business opportunities with third parties. See *Miller v. Ga. Ports Auth.*, 266 Ga. 586 (470 SE2d 426) (1996) (failure to comply with notice provisions of Georgia Tort Claims Act fatal to action against GPA, a State entity within the meaning of that Act).

(b) Premo also sought an injunction prohibiting the GPA from barring him from its premises and an order reinstating him to his former position. Inasmuch as these claims do not seek money damages, the Tort Claims Act is inapplicable. OCGA § 50-21-22 (1). See *IBM Corp. v. Evans*, 265 Ga. 215, 216 (453 SE2d 706) (1995) (sovereign immunity inapplicable when State acts illegally and injunctive relief sought); compare *State Bd. of Ed. v. Drury*, 263 Ga. 429, 430 (1) (437 SE2d 290) (1993) (damages not recoverable against State absent a waiver of sovereign immunity).

3. Notwithstanding his claim to the contrary, Premo had no property right or due process interest in his continued employment.

---

[1] The Supreme Court of Georgia ordered Premo's appeal transferred to this Court.

It is undisputed that GPA is not covered by the State Merit System. OCGA § 45-20-2 (7) (expressly excludes authorities). Premo's attempt to use the GPA handbook, which delineates dischargeable offenses and termination procedures, as a shield against his termination is unavailing. As we previously held, the GPA employee manual does not transform an at-will employee's status to a permanent lifetime employee. *Ga. Ports Auth. v. Rogers*, 173 Ga. App. 538, 539 (1) (327 SE2d 511) (1985) (in the absence of a definite period of employment, employee's status remains at will). Because "[a]n indefinite hiring may be terminated at will by either party," GPA had the right to terminate Premo's employment. OCGA § 34-7-1. Accord *Rogers v. Ga. Ports Auth.*, 183 Ga. App. 325, 328 (358 SE2d 855) (1987).

We reject Premo's urging to apply *Deason v. DeKalb County*, 222 Ga. 63 (148 SE2d 414) (1966) to these facts. That action was brought by a permanent county merit system employee for breach of a valid contract; whereas Premo was an hourly employee outside the protection of any merit system and without a written contract. Id. at 65. Thus, Premo's contractual claim for back pay necessarily must fail.

4. The GPA was entitled to summary judgment as a matter of law on the alleged violation of Premo's liberty interest. In his amended complaint, Premo asserted that the GPA violated his liberty interest by publishing false charges or publicizing false statements. See *Rogers v. Ga. Ports Auth.*, 183 Ga. App. at 328 (2) (proof of deprivation of liberty interest requires showing that GPA collected and publicized defamatory information). However, because the underlying conduct complained of is tortious and it is undisputed that Premo failed to provide the requisite notice to the State under OCGA § 50-21-26, GPA is entitled to summary judgment as a matter of law on this claim regardless of its merit. See Division 2.

5. The trial court must resolve whether the GPA illegally banned Premo from State property and whether Premo was entitled to injunctive relief. Premo asserts that the GPA violated his right to equal protection under the Georgia Constitution. Premo contends the GPA's action was racially motivated in that similarly situated individuals of a different race received more favorable treatment. Premo claims that a person of a different race committed the dischargeable offense of bringing a concealed weapon onto GPA's premises. Yet this person, after purportedly failing a polygraph test on the issue of his knowledge of the gun's presence, was reinstated to employment and not excluded from GPA's property. Further, as evidence that GPA treated a similarly situated person differently, Premo offered testimony that another truck driver who had been discharged for misconduct involving suspected theft was permitted to drive onto GPA's premises.

The "government cannot cloak itself in the mantle of sovereign

immunity when an injured party seeks to enjoin an illegal action." *Evans*, 265 Ga. at 216 (1). The type of "illegal action" that justifies piercing sovereign immunity is action "under color of office but without lawful authority and beyond the scope of official power. [Cits.]" *Chilivis v. Nat. Distrib. Co.*, 239 Ga. 651, 654 (1) (238 SE2d 431) (1977). Thus, whether the GPA acted with illegal racial animus and denied Premo equal protection are material disputed questions of fact.

6. Based on the above divisions, Premo's remaining enumerations are moot.

*Judgment reversed and case remanded with direction. Ruffin and Eldridge, JJ., concur.*

DECIDED JUNE 20, 1997.

*Fletcher Farrington*, for appellant.

*Thurbert E. Baker, Attorney General, Kilpatrick Stockton, G. P. Sykes, Jr., Daniel F. Piar, Ranitz, Mahoney, Coolidge & Mahoney, Thomas J. Mahoney, Jr.*, for appellee.