## A02A0361. ANDERSON v. BARROW COUNTY et al.

(568 SE2d 68)

BLACKBURN, Chief Judge.

The trial court granted summary judgment to appellee Charles Amason and partial summary judgment to appellee Barrow County. Appellant Johnny Anderson appeals, contending that the trial court erred both in finding that Amason was not personally liable and also in granting Amason and Barrow County summary judgment on his claim that they violated Barrow County's safe driving policy. For the reasons set forth below, we affirm.

Michelle Anderson was killed on the morning of October 22, 1997, when she pulled into the path of a Barrow County rescue vehicle driven by Amason, a captain and volunteer firefighter who was responding to a two-car head-on collision. Johnny Anderson, her husband, filed a complaint against Amason, Edward Hendricks, a volunteer fireman who was riding with Amason, and Barrow County. Count 1 of the complaint alleged that Amason and Hendricks were negligent in their operation of the rescue vehicle. Count 2 alleged that Barrow County was liable under the theory of respondeat superior for the acts of Amason and Hendricks and also for its negligent training and supervision of Amason and Hendricks. Count 3 sought attorney fees and costs of litigation.

Appellees filed motions for summary judgment on May 23, 2000, to which Anderson responded in opposition. After the January 5, 2001 hearing on the motions for summary judgment, Anderson amended his complaint, for the fourth time, adding claims that appellees had violated Michelle Anderson's constitutional rights and Barrow County's safe driving policy. Anderson also dismissed his claims against Hendricks. In response to the fourth amended complaint, appellees filed a second motion for summary judgment on May 8, 2001; Anderson filed a brief in opposition on May 17, 2001, the same day that the trial court granted all of appellees' motions for summary judgment on all claims except the liability of Barrow County. Barrow County had admitted that Amason's acts, at the time of the accident, were within the scope of his official duties. After a three-day trial, a jury found in favor of Barrow County on the issue of its liability for Amason's alleged negligence.

1. Anderson first argues that the trial court erred in finding that Amason was not personally liable and granting his motion for summary judgment. Anderson argues that the trial court failed to recognize that Amason has no official immunity for ministerial acts. Anderson's argument is without merit.

On appeal, we review the trial court's grant of summary judgment de novo to determine whether the evidence of

record, viewed in the light most favorable to the nonmoving party, demonstrates any genuine issue of material fact. Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. We will affirm a grant of summary judgment if it is right for any reason.

(Footnotes omitted.) *Hot Shot Express v. Assicurazioni Generali, S.P.A.*[1]

The trial court held that because Amason's actions were within the scope of his official duties at the time of the accident, he had no personal liability. Though the trial court's reasoning is defective, as set forth below, we affirm its grant of summary judgment because it correctly held that Amason was not personally liable. "A summary judgment right for any reason will be affirmed." *Kaylor v. Atwell.*[2]

A 1991 amendment to the Georgia Constitution provides that county employees "may be liable for injuries and damages caused by the negligent performance of, or negligent failure to perform, their ministerial functions and may be liable for injuries and damages if they act with actual malice or with actual intent to cause injury in the performance of their official functions." Ga. Const. of 1983, Art. I, Sec. II, Par. IX (d). "In other words, public officials are immune from damages that result from their performance of discretionary functions, unless those functions were undertaken with malice or intent to cause injury." *Phillips v. Walls.*[3] In this case, Anderson does not allege that Amason acted with malice or intent to cause injury. Thus, if the damages complained of arise from discretionary actions, Amason has official immunity; if, on the other hand, the damages arise from the performance or nonperformance of ministerial duties, Amason does not have official immunity. Id. See also *Schulze v. DeKalb County.*[4] We note that the Georgia Tort Claims Act has no application in this case, as it specifically excludes county employees from its coverage. See OCGA § 50-21-22 (5); *Ridley v. Johns.*[5]

In *Logue v. Wright,*[6] a police officer, responding to a call, caused a collision through the negligent operation of his patrol car. We held that "[t]he decision to rush to the scene of the disorder lay within [the officer's] discretion. He exercised this discretion. The fact that he did so negligently does not place him outside the rule. To say that it did

---

[1] *Hot Shot Express v. Assicurazioni Generali, S.P.A.*, 252 Ga. App. 372, 373 (556 SE2d 475) (2001).

[2] *Kaylor v. Atwell*, 251 Ga. App. 270, 272 (2) (553 SE2d 868) (2001).

[3] *Phillips v. Walls*, 242 Ga. App. 309, 311 (1) (529 SE2d 626) (2000).

[4] *Schulze v. DeKalb County*, 230 Ga. App. 305, 308 (496 SE2d 273) (1998).

[5] *Ridley v. Johns*, 274 Ga. 241 (552 SE2d 853) (2001).

[6] *Logue v. Wright*, 260 Ga. 206, 208 (1) (392 SE2d 235) (1990).

would render the rule meaningless." Id. We find this reasoning to be equally applicable to a volunteer firefighter who has exercised his discretion in rushing to the scene of an accident. See also *Gilbert v. Richardson*[7] (holding that officer was performing an official discretionary function when she rushed to back up another officer in response to an emergency call). As in both *Logue* and *Gilbert*, the decision to rush to the scene of the accident lay within Amason's discretion and he exercised his discretion; when the accident occurred, he was performing an official discretionary function. Accordingly, since Amason was acting within the scope of his official duties and was engaged in a discretionary action, and there is no allegation of malice or intent to injure, he is protected by official immunity and was entitled to summary judgment. *Harry v. Glynn County.*[8]

2. In his second enumeration of error, Anderson asserts that the trial court erred in granting Amason and Barrow County summary judgment on his claim that they violated Barrow County's safe driving policy. We disagree.

Under Barrow County's safe driving policy, an employee whose record contains three moving traffic convictions is prohibited from driving a county vehicle. Pointing out that Amason had three traffic convictions on his record, Anderson argued in his fourth amended complaint that Amason's driving of the county emergency truck and Barrow County's allowing him to do so in violation of its own safe driving policy were ministerial acts and that Amason did not, as a result, have official immunity. In response, Amason and Barrow County maintained that, because only seven years of driving history are considered in applying the policy and because all of Amason's convictions occurred over seven years ago, there was no violation of the policy. Both arguments are irrelevant and, in light of the jury's verdict, moot.

The issue at trial was whether Amason's driving of the emergency vehicle was negligent and caused Michelle Anderson's death. The jury concluded that Amason did not act negligently and that Michelle Anderson's own act of turning into the path of the emergency vehicle was the proximate cause of her death. In the face of the jury's verdict that Michelle Anderson's death was not caused by Amason's driving, Anderson cannot argue that some more remote act, i.e., violation of the safe driving policy, was the proximate cause of her death.

> The requirement of proximate cause constitutes a limit on legal liability; it is a policy decision that, for a variety of

---

[7] *Gilbert v. Richardson*, 264 Ga. 744, 753 (6) (452 SE2d 476) (1994).
[8] *Harry v. Glynn County*, 269 Ga. 503, 505 (2) (501 SE2d 196) (1998).

reasons, e.g., intervening act, the defendant's conduct and the plaintiff's injury are too remote for the law to countenance recovery. For this reason, before any negligence, even if proven, can be actionable, that negligence must be the proximate cause of the injuries sued upon. To establish proximate cause, a plaintiff must show a legally attributable causal connection between the defendant's conduct and the alleged injury. Conversely, no matter how negligent a party may be, if his act stands in no causal relation to the injury it is not actionable.

(Citations and punctuation omitted.) *Bacon v. Mayor &c. of Savannah*.[9] The jury concluded that Amason's actions were not the cause of Michelle Anderson's death; a fortiori, there was no causal connection between any alleged violation of the county's safe driving policy and her death.

Anderson also argues that Barrow County waived its sovereign immunity with respect to its violation of the safe driving policy under OCGA § 33-24-51. This contention also lacks merit and is moot.

First, any argument based on violation of the safe driving policy is irrelevant. As explained above, there is simply no causal connection between the accident and any alleged violation of that policy. The jury's verdict that appellees are not liable also renders this argument moot. Beyond that, OCGA § 33-24-51 (a) provides that a county waives its immunity up to the amount of insurance covering its liability for injury or death "arising by reason of ownership, maintenance, operation, or use of any motor vehicle." Even if the county's safe driving policy was violated, that violation did not arise "by reason of ownership, maintenance, operation, or use of any motor vehicle," but rather by failure to enforce the safe driving policy.

Finally, Anderson argues that the trial court never should have ruled on Amason's and Barrow County's second motion for summary judgment because it was untimely in violation of Uniform Superior Court Rule 6.2. This enumeration presents nothing for review, as USCR 6.2 simply requires a response to a motion be filed within 30 days. It does not address the filing of the motion itself. We find no error.

In granting appellees' second motion for summary judgment, the trial court: (1) found that Anderson's claim against Barrow County for negligent training, supervision, and entrustment was redundant as a matter of law because Barrow County had admitted that Amason's acts were within the scope of his employment and thus

---

[9] *Bacon v. Mayor &c. of Savannah*, 241 Ga. App. 211, 212-213 (525 SE2d 115) (1999).

164

could be held liable if his acts were found to be negligent; (2) found that Anderson's claim for punitive damages could not be supported by facts from the record revealed to the court and could not be sustained against Barrow County, a public entity; and (3) rejected Anderson's claims based on violation of Barrow County's safe driving policy. Since the jury found that appellees were not liable for the death of Michelle Anderson, the question of whether the trial court erred in granting the second motion for summary judgment also is rendered moot.

Moreover, at the pre-trial hearing, Amason and Barrow County indicated that they intended to file a second motion for summary judgment. Anderson objected on the ground that such a motion was untimely. The trial court indicated that orders on both of appellees' motions for summary judgment would be issued prior to trial. Anderson did not request more time to respond to the second motion. Instead, Anderson responded to appellees' motion, filing a brief in opposition to the second motion four days before trial. Under these circumstances, Anderson waived any defect as to the timeliness of the granting of the disputed motion for summary judgment. *Mobley v. Coast House, Ltd.*[10]

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED JUNE 13, 2002 —
RECONSIDERATION DENIED JUNE 27, 2002 — 

*Speckhals & Cora, Trent B. Speckhals, Hector R. Cora,* for appellant.

*Webb, Zschunke, Miller & Dikeman, Edward A. Miller, Matthew T. Allen, Russell, Stell, Smith & McLocklin, John E. Stell, Jr.,* for appellees.

---

[10] *Mobley v. Coast House, Ltd.*, 182 Ga. App. 305, 309 (355 SE2d 686) (1987).