A05A1292. DAVIS v. STANDIFER et al.
(621 SE2d 852)

BERNES, Judge.

Shaquita Davis appeals from the April 2, 2004 order entered by the State Court of Fulton County dismissing her amended complaint pursuant to the Georgia Tort Claims Act, OCGA § 50-21-20 et seq. ("GTCA"). We affirm the trial court's dismissal of Davis' state common law and constitutional claims brought against all appellees, as well as the trial court's dismissal of her federal constitutional claims

---

brought against appellee the Georgia State Patrol ("GSP") and appellee the Georgia Department of Public Safety ("DPS"). However, because of the incomplete state of the existing record, we remand with direction on the issue of whether Davis can proceed with her federal constitutional claims against appellee Ronald A. Standifer, a patrol officer with the GSP.

Davis filed the present action seeking damages from GSP Officer Standifer, GSP, and DPS for the "severe physical, mental, moral, and emotional harm" that she suffered as a result of Standifer's alleged sexual misconduct during a routine traffic stop. In her complaint, Davis alleged that on November 8, 2001, Standifer, while "acting within the scope of his official duties and employment as a state employee of the [GSP], a division of the [DPS]," stopped her vehicle for a traffic violation. She alleged that during the traffic stop, Standifer touched her "on the outside of her pants near her vaginal area," placed his hand underneath her clothing, and "inserted at least one finger in [her] vagina."

Based on these allegations, Davis asserted claims for (1) extreme mental and emotional anguish and harm; (2) sexual assault; (3) sexual battery; (4) assault under color of state of law; (5) false imprisonment; and (6) violation of her state and federal constitutional rights. Davis asserted an additional claim against GSP and DPS for exhibiting deliberate indifference to her rights, privileges, and immunities through inadequate hiring procedures; inadequate instruction, supervision, control, and discipline; and acquiescence in unconstitutional practices. Davis' complaint further specified that she was bringing the action pursuant to the GTCA and 42 USC § 1983.

Standifer filed a motion to dismiss Davis' complaint. Standifer contended that he could not be held individually liable because the alleged conduct occurred within the course and scope of his official duties and employment, entitling him to official immunity under the GTCA. See OCGA § 50-21-25 (a). Standifer further argued that Davis' claims for extreme mental and emotional anguish, sexual assault, assault under color of state law, false imprisonment, and violation of her state constitutional rights were foreclosed by her failure to comply with the ante litem notice provision of the GTCA. See OCGA § 50-21-26.

GSP and DPS filed a separate motion to dismiss. GSP and DPS contended that the trial court lacked subject matter jurisdiction over them, since the State of Georgia has not waived its sovereign immunity under the GTCA with respect to losses suffered by a plaintiff as a result of an alleged assault, battery, or false imprisonment. See OCGA § 50-21-24 (7). GSP and DPS likewise argued that Davis'

claims were foreclosed by her noncompliance with the GTCA ante litem notice provision. See OCGA § 50-21-26.

Davis subsequently filed an amendment to her complaint. Among other things, the amendment added a new sentence alleging, "alternatively," that at the time of the incident, "Standifer was not acting within the scope of his official duties and employment as a state employee; rather, he was acting in his individual capacity." The factual description of the time, place, and circumstances of Standifer's alleged misconduct contained in the original complaint, however, remained unchanged.

After hearing oral argument from the parties, the trial court entered an order granting the appellees' respective motions to dismiss pursuant to the GTCA. Davis now appeals from that order, contending that the trial court improperly dismissed her state common law and constitutional claims, as well as her federal constitutional claims.

1. *State Law Claims.* Davis argues that the trial court erred in dismissing her state law claims pursuant to the GTCA because the allegations of her amended complaint show that Standifer is not entitled to official immunity and that GSP and DPS are not entitled to sovereign immunity. "We review the trial court's ruling on a motion to dismiss under the de novo standard of review." *BankWest, Inc. v. Oxendine,* 266 Ga. App. 771, 776-777 (3) (598 SE2d 343) (2004). Our review leads us to conclude that the trial court committed no error.

(a) *State Law Claims Alleged Against Standifer.* The GTCA "exempts state officers and employees from liability for any torts committed while acting within the scope of their official duties or employment." *Ridley v. Johns,* 274 Ga. 241, 242 (552 SE2d 853) (2001). See OCGA § 50-21-25 (a).[1] The scope of the exemption has been construed broadly: "Where the state employee acts in the prosecution and within the scope of [his official duties], intentional wrongful conduct comes within and remains within the scope of employment." (Citations and punctuation omitted.) *Feist v. Dirr,* 271 Ga. App. 169, 172 (1) (b) (609 SE2d 111) (2004). See also *Ridley,* 274

---

[1] OCGA § 50-21-25 (a) provides:
> (a) This article constitutes the exclusive remedy for any tort committed by a state officer or employee. A state officer or employee who commits a tort while acting within the scope of his or her official duties or employment is not subject to lawsuit or liability therefor. However, nothing in this article shall be construed to give a state officer or employee immunity from suit and liability if it is proved that the officer's or employee's conduct was not within the scope of his or her official duties or employment.

Notably, the GTCA does not apply to *county* employees. See OCGA § 50-21-22 (5); *Ridley,* 274 Ga. at 243; *Anderson v. Barrow County,* 256 Ga. App. 160, 161 (1) (568 SE2d 68) (2002).

Ga. at 242. Even where the plaintiff alleges a state constitutional violation, if the "underlying conduct complained of is tortious" and occurred within the scope of the state employee's official duties, the employee is protected by official immunity under the GTCA. *Premo v. Ga. Ports Auth.*, 227 Ga. App. 27, 29 (4) (488 SE2d 106) (1997).[2]

Guided by these principles, we turn to the allegations in Davis' complaint as amended. Davis' amended complaint alleges that Standifer, a GSP officer, was an employee of the State of Georgia. Furthermore, Davis' complaint, even as amended, explicitly states that the alleged sexual assault occurred during the course of a traffic stop of Davis' vehicle carried out by Standifer. Since the only alleged contact and interaction between Davis and Standifer occurred during the traffic stop, Davis' amended complaint clearly alleges facts showing that the sexual assault "arose from the performance of [Standifer's] official duties as a [patrol] officer." *Mattox v. Bailey*, 221 Ga. App. 546 (1) (472 SE2d 130) (1996) (holding that state correctional officer acted within scope of his official duties and thus was entitled to official immunity when officer allegedly beat inmate while escorting inmate across prison grounds). See also *Ridley*, 274 Ga. at 242 (holding that supervisor who allegedly harassed female employee was entitled to official immunity because the intentional misconduct occurred during the performance of the supervisor's official duties). Standifer, therefore, is cloaked with official immunity from suit.

It is true that Davis' amended complaint added a new alternative allegation stating simply that the misconduct occurred while Standifer was acting in his individual capacity outside the scope of his official duties as a patrol officer. However, " '[m]erely styling a suit against a public officer as one brought against him personally does not deprive him of any immunity to which he might otherwise be entitled for his official acts under the (GTCA).' (Citations omitted.) *Coultas v. Dunbar*, 220 Ga. App. 54, 58 (467 SE2d 373) (1996)." *Hardin v. Phillips*, 249 Ga. App. 541, 545 (1) (547 SE2d 565) (2001). If the underlying factual allegations in Davis' complaint, even as amended, include "the disclosure of some fact which will necessarily defeat the claim[s]," the complaint was properly dismissed. (Citation and punctuation omitted.) *Earl v. Mills*, 275 Ga. 503, 504 (2) (570 SE2d 282) (2002).

Davis' amended complaint contains the same factual disclosures as her original complaint, and, as explained above, those facts defeat her state law claims against Standifer by showing that his alleged

---

[2] Georgia has "no equivalent to 42 USC § 1983, which gives a claim against a state officer individually for certain unconstitutional acts." *Howard v. Miller*, 222 Ga. App. 868, 872 (1) (c) (476 SE2d 636) (1996). Thus, under state law, the GTCA "constitutes the exclusive remedy for any tort committed by a state officer or employee." OCGA § 50-21-25 (a).

misconduct occurred within the scope of his official duties. That is, the amendment to Davis' complaint alleged no new or different facts, and it did not alter or delete the factual description of the time, place, and circumstances of the sexual assault disclosed in the original complaint. Rather, Davis did no more than amend her complaint to include an alternative, naked allegation that the *same facts* disclosed in the original complaint occurred outside the scope of Standifer's official duties as a patrol officer. Thus, the unchanged facts disclosed in the amended complaint clearly demonstrate that Standifer is entitled to official immunity under OCGA § 50-21-25 (a).

For these reasons, all of Davis' state law claims brought against Standifer were barred by the GTCA. This includes Davis' state constitutional claims, which arose out of the same allegations of underlying tortious conduct. See *Premo*, 227 Ga. App. at 29 (4). Consequently, the trial court did not err in granting Standifer's motion to dismiss the state common law and constitutional claims alleged against him in Davis' amended complaint.

(b) *State Law Claims Alleged Against GSP and DPS.* Because the trial court properly held that Standifer was immune from suit, Davis' only potential avenue of recourse under state law was against the state governmental entity that employed Standifer. OCGA § 50-21-25 (b).[3] Pursuant to the GTCA,

> [t]he state waives its sovereign immunity for the torts of state officers and employees while acting within the scope of their official duties or employment and shall be liable for such torts in the same manner as a private individual or entity would be liable under like circumstances; *provided, however, that the state's sovereign immunity is waived subject to all exceptions and limitations set forth in this article.*

(Emphasis supplied.) OCGA § 50-21-23 (a). Since Davis' amended complaint shows that Standifer was acting within the scope of his official duties as a state employee at the time of the alleged sexual

---

[3] OCGA § 50-21-25 (b) provides:

> (b) A person bringing an action against the state under the provisions of this article must name as a party defendant only the state government entity for which the state officer or employee was acting and shall not name the state officer or employee individually. In the event that the state officer or employee is individually named for an act or omission for which the state is liable under this article, the state government entity for which the state officer or employee was acting must be substituted as the party defendant.

GSP argues that it is a mere division of DPS and is not itself a governmental entity, and, as such, lacks the capacity to be sued in this case. However, we need not reach this question on appeal, given our conclusion, explained below, that OCGA § 50-21-24 (7) bars all of Davis' state law claims brought against either GSP or DPS.

assault, GSP and DPS have waived their sovereign immunity and are liable for the harm suffered by Davis during the traffic stop to the same extent as a private entity under like circumstances, "unless the alleged tortious act falls within one of the exceptions [to the state's waiver of sovereign immunity] set forth in OCGA § 50-21-24." (Citation, punctuation and emphasis omitted.) *Mattox*, 221 Ga. App. at 546 (1).

We conclude that one of the exceptions to the state's waiver of sovereign immunity does apply in this case, namely, the exception found in OCGA § 50-21-24 (7), which specifically provides that "[t]he state shall have no liability for losses resulting from . . . [a]ssault, battery, [or] false imprisonment." Clearly, this exception applies to Davis' state law claims for sexual assault, sexual battery, and false imprisonment. See, e.g., *Ga. Military College v. Santamorena*, 237 Ga. App. 58, 59-61 (1) (a) (514 SE2d 82) (1999) (allegation of rape fell within assault and battery exception); *Sherin v. Dept. of Human Resources*, 229 Ga. App. 621, 625 (4) (494 SE2d 518) (1997) (allegation of sexual abuse fell within assault and battery exception); *Collier v. Whitworth*, 205 Ga. App. 758, 759 (423 SE2d 440) (1992) (allegation of false imprisonment fell within exception).

Davis' claims for extreme mental and emotional anguish and harm, assault under color of state law, and violation of her state constitutional rights likewise fall within the exception found in OCGA § 50-21-24 (7) for assault and battery. In determining whether the exception applies, our focus is not on which particular state law causes of action a plaintiff has set forth in her complaint, but rather on the underlying conduct that allegedly caused the plaintiff's loss.[4] See *Dept. of Human Resources v. Coley*, 247 Ga. App. 392, 393-394 (1) (544 SE2d 165) (2000); *Santamorena*, 237 Ga. App. at 61 (1) (a). Any alleged losses arising out of conduct that would constitute the common law tort of assault or battery upon the plaintiff's person fall within the exception, irrespective of what particular state law causes of action the plaintiff brings in order to recover for those losses (including state constitutional claims). See id.

Here, Davis' amended complaint shows that the losses she suffered arose out of Standifer's sexual assault upon her, which, if true, plainly constituted an assault and battery upon her person.[5]

---

[4] OCGA § 50-21-22 (3) defines "loss" to mean "personal injury; disease; death; damage to tangible property, including lost wages and economic loss to the person who suffered the injury, disease, or death; pain and suffering; mental anguish; and any other element of actual damages recoverable in actions for negligence."

[5] Although unclear, Davis appears to suggest that the assault and battery exception should only apply in cases where the perpetrator acted with the intent to cause harm to the victim. Her suggestion is without merit. In the context of OCGA § 50-21-24 (7), "the legislature clearly used

Thus, Davis' claims for extreme mental and emotional anguish and harm, assault under color of state law, and violation of her state constitutional rights are barred by the GTCA's exception for assault and battery. See *Bd. of Public Safety v. Jordan*, 252 Ga. App. 577, 584 (1) (556 SE2d 837) (2001) (looking past claim of intentional infliction of emotional distress to whether underlying conduct that caused plaintiff's losses fell within OCGA § 50-21-24 (7)); *Premo*, 227 Ga. App. at 29 (4) (claim of violation of plaintiff's liberty interests fell within assault and battery exception); *Miller v. Dept. of Public Safety*, 221 Ga. App. 280, 281 (470 SE2d 773) (1996) (claim of violation of state constitutional rights by GSP officer fell within assault and battery exception).

Nor can Davis circumvent the assault and battery exception by alleging that GSP and DPS were negligent or deliberately indifferent in their hiring, instruction, supervision, control, and discipline of Standifer, or by alleging that they acquiesced to his unconstitutional conduct. When analyzing whether the exceptions to liability found in OCGA § 50-21-24 (7) apply in a given case, "we do not look at the duty allegedly breached by the government." *Santamorena*, 237 Ga. App. at 61 (1) (a). See also *Dept. of Human Resources v. Hutchinson*, 217 Ga. App. 70, 71-72 (1) (456 SE2d 642) (1995) (focus of the assault and battery exception is not on the act or omission of the government entity exercising oversight authority over the individual who committed the tort). Again, the focus is on the underlying conduct that produced the loss, and whether that conduct constituted an assault or battery, as it did in the present case based on Davis' amended complaint. *Santamorena*, 237 Ga. App. at 61 (1) (a); *Hutchinson*, 217 Ga. App. at 71-72 (1).

In sum, we conclude the trial court did not err in dismissing under the GTCA all of Davis' state law claims brought against GSP and DPS. The exception to the state's waiver of sovereign immunity contained in OCGA § 50-21-24 (7) applies in this case based on the allegations of Davis' amended complaint.[6]

2. *Federal Claims.* In her amended complaint, Davis also asserts federal constitutional claims against Standifer, GPS, and DPS pursuant to 42 USC § 1983. Davis argues that the trial court erred in dismissing her federal constitutional claims. Davis' contention is

---

the terms 'assault' and 'battery' in their tort sense." *Coley*, 247 Ga. App. at 398 (3). And, common law assault and battery do not require a showing that the tortfeasor intended to harm the victim. See *Hendricks v. Southern Bell Tel. &c. Co.*, 193 Ga. App. 264, 264-265 (1) (387 SE2d 593) (1989).

[6] Because we conclude that all of Davis' state law claims alleged against the appellees are barred on grounds of either official immunity or sovereign immunity, we do not reach Davis' contention that the trial court erred in dismissing her state law claims for failing to comply with the ante litem notice provision of the GTCA. See OCGA § 50-21-26.

clearly without merit with respect to GSP and DPS, since the state and its agencies are not "persons" subject to suit for damages under 42 USC § 1983. *Mattox*, 221 Ga. App. at 547 (2). In contrast, Davis' amended complaint does contain allegations of conduct by Standifer that, if true, violated the United States Constitution and would support a claim against him in his individual capacity for damages pursuant to 42 USC § 1983. See generally *Franklin v. Gwinnett County Public Schools*, 200 Ga. App. 20, 24 (1) (407 SE2d 78) (1991) (right to be free from sexual abuse perpetrated by government official protected by United States Constitution).

However, appellees contend that Davis voluntarily dismissed her federal constitutional claims with prejudice after appellees removed the case to federal court, leading the federal district court to remand the case back to state court. Appellees assert that no federal constitutional claims remain pending in this case as a result of the voluntary dismissal.

In light of Davis' argument on appeal that Standifer's motion to dismiss should not have been granted on her federal constitutional claims, there is an apparent factual dispute between the parties over whether Davis' federal constitutional claims remain pending in this case or were voluntarily dismissed with prejudice. Although resolution of this issue should be a straightforward exercise, we cannot resolve the issue given the incomplete state of the existing record. The record contains none of the pleadings filed with respect to the removal and remand that appellees allege took place or with respect to the alleged voluntary dismissal of the federal constitutional claims. Nor are there any stipulations between the parties in the record that shed light on this question. And, although the trial court heard oral argument on the motions to dismiss, no transcript of that argument was included in the record on appeal. Finally, it is unclear from the trial court's April 2, 2004 order granting the motions to dismiss whether the trial court considered or ruled upon the status of Davis' federal constitutional claims.

Under these circumstances, we remand the case to the trial court to address the dispute over Davis' federal constitutional claims. On remand, the trial court should hear from the parties and rule on whether Davis' federal constitutional claims brought against Standifer pursuant to 42 USC § 1983 remain pending in this case. If those claims have not been voluntarily dismissed with prejudice and in fact remain pending, then Davis is entitled to proceed with those claims against Standifer in his individual capacity based on the allegations found in her amended complaint.

*Judgment affirmed and case remanded with direction. Blackburn, P. J., and Miller, J., concur.*

*Steven P. Berne*, for appellant.

*Thurbert E. Baker, Attorney General, Jeffrey W. Stump, Assistant Attorney General, Rutherford & Christie, Vincent A. Toreno, Angela F. Donaldson*, for appellees.