**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**July 5, 2013**

# In the Court of Appeals of Georgia

A13A0560. FERRELL v. YOUNG.

ANDREWS, Presiding Judge.

Brandon Young filed suit in the Fulton County Superior Court against the Georgia World Congress Center Authority (GWCCA); the Chief of the GWCCA police department; and officer Twyone Ferrell of the GWCCA police department alleging that, after Ferrell arrested him at the GWCCA for possession of a stolen cell phone, Ferrell fondled his penis and forced him to commit non-consensual sex acts. Young alleged that Ferrell acted within the scope of his employment as a GWCCA police officer, and sued Ferrell in his individual capacity asserting causes of action under state law and pursuant to 42 U.S.C. § 1983 for violation of federal rights.[1]

---

[1] To the extent Young also sued Ferrell in his official capacity as a GWCCA police officer, this constituted a suit against the GWCCA. *Hafer v. Melo*, 502 U. S. 21, 25 (112 SCt 358, 116 LE2d 301) (1991). This appeal concerns only Young's

Ferrell appeals from the Superior Court's order granting a default judgment against him for failing to file a timely answer, and denying his motion to open the default. As to Young's claim brought against Ferrell, individually, pursuant to 42 U.S.C. § 1983, we find that the Court correctly concluded Ferrell was in default for failing to timely answer. But we vacate the default judgment and the order denying Ferrell's motion to open default, and remand the case for reconsideration of the motion. As to Young's claim brought against Ferrell, individually, under state law, we vacate the grant of the default judgment and remand with direction to dismiss the claim – as a police officer employed by the GWCCA, Ferrell was immune from suit on this claim under OCGA § 50-21-25 (a) and (b), and therefore the Court had no subject matter jurisdiction.

1. Young's complaint included a cause of action against Ferrell in his individual capacity, brought pursuant to 42 U.S.C. § 1983, seeking to impose personal liability for damages for violation of federal rights based on alleged actions Ferrell took in his official capacity as a GWCCA police officer. *Hafer v. Melo*, 502

_____

claims against Ferrell, individually.

U. S. 21, 25 (112 SCt 358, 116 LE2d 301) (1991).[2] "Section 1983 provides judicial remedies to a claimant who can prove that a person acting under color of state law committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Romano v. Ga. Dept. of Corrections*, 303 Ga. App. 347, 351 (693 SE2d 521) (2010) (punctuation and citation omitted). As to this cause of action, the Superior Court correctly concluded that Ferrell was in default because his answer was untimely.

Young filed his complaint in the Superior Court in June 2009, and Ferrell was served on July 23, 2009. After the GWCCA and Shannon were served and filed answers, the case was timely removed to the United States District Court by a notice of removal filed on August 4, 2009. 28 U.S.C. § 1446. On August 19, 2009, Ferrell, who did not file an answer before removal, filed an untimely motion to dismiss for failure to state a claim in the District Court. Fed. R. Civ. P. 81 (c) (2). Without ruling on the motion, the District Court sua sponte remanded the case to the Superior Court

---

[2] This cause of action is potentially subject to the defense that a government official performing a discretionary function is entitled to qualified immunity from personal liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U. S. 800 (102 SCt 2727, 73 LE2d 396) (1982). Ferrell does not assert the defense of qualified immunity.

on May 17, 2011, for lack of subject matter jurisdiction. 28 U.S.C. § 1447 (c). On May 19, 2011, the GWCCA and Shannon moved in the District Court for reconsideration of the remand, and on June 21, 2011, the District Court denied the motion for reconsideration. On June 22, 2011, the GWCCA and Shannon appealed the remand to the Eleventh Circuit Court of Appeals, and on February 21, 2012, the Eleventh Circuit dismissed the appeal. On March 13, 2012, the GWCCA and Shannon moved in the Eleventh Circuit for reconsideration of the dismissal, and on June 21, 2012, the Eleventh Circuit denied the motion for reconsideration. On June 29, 2012, Ferrell filed an answer to Young's complaint in the Superior Court. On July 3, 2012, Young moved in the Superior Court for entry of default judgment against Ferrell pursuant to OCGA § 9-11-55 for failure to timely file an answer. On July 3, 2012, Ferrell filed a motion in the Superior Court asking the Court to open default, if any, but also contending that his answer was timely and that he was not in default. The Superior Court entered an order on August 20, 2012, (1) granting a default judgment against Ferrell pursuant to OCGA § 9-11-55 (a) on the basis that he failed to timely file an answer and was in default for more than 15 days, and (2) denying Ferrell's motion to open default pursuant to OCGA § 9-11-55 (b).

4

(a) Ferrell was served with the complaint on July 23, 2009, giving him 30 days under OCGA § 9-11-12 (a) to file an answer. When the notice of removal to the District Court was filed on August 4, 2009, the Superior Court lost jurisdiction until the case was remanded by the District Court. 28 U.S.C. § 1446; *Cotton v. Fed. Land Bank of Columbia*, 246 Ga. 188, 189 (269 SE2d 422) (1980). When the case was removed, only a portion of the 30-day period for filing an answer in the Superior Court had expired. Until the Superior Court resumed jurisdiction pursuant to the remand from the District Court, no responsive pleadings could be filed in the Superior Court, and the running of the 30-day period for filing an answer in the Superior Court was suspended. *Allen v. Hatchett*, 91 Ga. App. 571, 576-577 (86 SE2d 662) (1955). When the District Court remanded the case to the Superior Court on May 17, 2011, "the case stood as it did at the time of removal," and the remaining portion of the 30-day period for filing an answer in the Superior Court commenced to run. Id. at 577. The trial court correctly found that Ferrell's answer was untimely and that he was in default under OCGA § 9-11-55 (a) because he filed the answer in the Superior Court on June 29, 2012, over a year after the case was remanded and long after the recommenced 30-day answer period had expired.

(b) Ferrell contends that his motion to dismiss for failure to state a claim, filed in the District Court after removal but never ruled on, prevented the Superior Court from entering the default judgment. Fed. R. Civ. P. 81 (c) (2). "[A] timely answer filed in district court following timely removal of the action is sufficient to prevent a default in a state court if the case is subsequently remanded from district court." *Teamsters Local 515 v. Roadbuilders, Inc. &c.*, 249 Ga. 418, 421 (291 SE2d 698) (1982), overruled in part on other grounds, *Shields v. Gish*, 280 Ga. 556, 557 (629 SE2d 244) (2006). Under Fed. R. Civ. P. 81 (c), where an action has been removed from state court to federal court, and the defendant has not filed an answer prior to removal, the defendant "must answer or present other defenses or objections under these rules within the longest of these periods:" (1) within 21 days after receiving, by service or otherwise, a copy of the initial pleading stating the claim for relief; (2) within 21 days after being served with summons on such initial pleading on file at the time of service; or (3) within 7 days after the notice of removal is filed. After the case was removed, Ferrell failed to file any pleading in District Court within the time required by Fed. R. Civ. P. 81 (c). Even assuming that an undisposed motion to dismiss for failure to state a claim (see Fed. R. Civ. P. 12 (a) (4) (A)), which was timely filed under Fed. R. Civ. P. 81 (c) after removal, could prevent default in state

6

court if the case is subsequently remanded, we find that Ferrell's untimely motion was not sufficient to prevent default.

(c) Ferrell contends that the remaining portion of the 30-day period for filing an answer in Superior Court commenced to run, not when the District Court remanded the case to the Superior Court on May 17, 2011, but after the conclusion of the post-remand motion asking the District Court to reconsider the remand, and the appeal asking the Eleventh Circuit to reverse the remand. Accordingly, Ferrell contends that, when the Eleventh Circuit denied the motion to reconsider its dismissal of the appeal on June 21, 2012, the remaining portion of the 30-day period for filing an answer in Superior Court commenced to run, and he timely filed the answer on June 29, 2012.

Under 28 U.S.C. § 1447 (d), entitled "Procedure after removal generally," "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." Section 1447 (d), which applies only to remand orders under § 1447 (c) for lack of subject matter jurisdiction, "not only forecloses appellate review, but also bars reconsideration by the district court of its own remand order." *Bender v. Mazda Motor Corp.*, 657 F3d 1200, 1203 (11th Cir. 2011) (punctuation and citation omitted). "A remand to state court divests a district court

7

of jurisdiction such that it may not take any further action on the case," even if the remand order was erroneous, and vests jurisdiction in the state court to "thereupon proceed with such case." Id. at 1203-1204 (punctuation and citation omitted); 28 U.S.C. § 1447 (c). Because neither the District Court nor the Eleventh Circuit had jurisdiction to review the May 17, 2011 remand order vesting jurisdiction in the Superior Court, the remaining portion of the 30-day period for filing an answer in Superior Court commenced to run from the date of remand. *Penland v. Corlew*, 248 Ga. App. 564, 569 (547 SE2d 306) (2001). Ferrell's answer filed on June 29, 2012 was untimely.

(d) Ferrell contends that the Superior Court erred by denying his motion to open the default on Young's claim against him, individually, pursuant to 42 U.S.C. § 1983. By failing to file an answer before expiration of the 30-day period after service, Ferrell became automatically in default, and thereafter failed to open default as a matter of right by filing defenses within 15 days of the default with payment of costs. OCGA § 9-11-55 (a). Accordingly, Young became entitled to a default judgment, subject to determination of damages, and subject to the Superior Court's consideration of Ferrell's motion to open default filed under OCGA § 9-11-55 (b) with payment of costs. Upon payment of costs, a prejudgment default

8

may be opened [pursuant to OCGA § 9-11-55 (b)] on one of three grounds *if* four conditions are met. The three grounds are: (1) providential cause, (2) excusable neglect, and (3) proper case; the four conditions are: (1) showing made under oath, (2) offer to plead instanter, (3) announcement of ready to proceed with trial, and (4) setting up a meritorious defense. This court has previously held that the "showing" required by this Code section to be made "under oath" includes the showing of a "meritorious defense." Generally, the opening of a default rests within the sound discretion of the trial court. However, compliance with the four conditions is a condition precedent; in its absence, the trial judge has no discretion to open the default.

*McCombs v. Synthes (U.S.A.)*, 250 Ga. App. 543, 546-547 (553 SE2d 17) (2001) (punctuation and citation omitted; emphasis in original), rev'd on other grounds, 277 Ga. 252 (587 SE2d 594) (2003).

In denying Ferrell's motion to open default, the Superior Court ruled that Ferrell failed to comply with two of the four conditions necessary for the Court to exercise its discretion to open default. The Court ruled that Ferrell failed to make a showing of a meritorious defense under oath, and failed to announce ready to proceed with trial. We find that both of these conditions were satisfied. Ferrell's affidavit, made under oath in support of the motion, denied all of Young's allegations, set forth defenses, and incorporated the answer he filed setting forth his defenses. *Rapid Taxi Co. v. Broughton*, 244 Ga. App. 427, 428-429 (535 SE2d 780) (2000). In support of

9

the motion, Ferrell also demanded a jury trial and specifically stated in his affidavit that he was ready to proceed with the trial.

Ferrell's motion, supported by his affidavit and his attorney's affidavit, sought to open default on the grounds of excusable neglect and proper case. After erroneously finding that it lacked discretion to open default, the Court's order nevertheless considered and rejected "proper case" as a ground for opening default, but it did not address the ground of excusable neglect. The Court's order shows on its face that the Court erroneously found it lacked discretion to consider the asserted grounds for opening default. "[A] statute which confers discretion upon a judge to decide a particular question also imposes a correlative duty to exercise that discretion when the occasion arises." Id. at 429 (punctuation and citation omitted). Although the Court apparently exercised discretion with respect to the "proper case" ground, it is unclear under these circumstances the extent to which the Court erroneously failed to exercise discretion under OCGA § 9-11-55 (b) to fully consider the motion to open default on all asserted grounds. Accordingly, as to Young's claim against Ferrell, individually, pursuant to 42 U.S.C. § 1983, we vacate the Court's grant of the default judgment and the denial of Ferrell's motion to open default, and remand the case for

10

the Court to exercise its discretion and consider the merits of all asserted grounds in the motion. Id.

2. Young also sued Ferrell, individually, asserting claims under state law based on allegations that Ferrell sexually assaulted him while acting as a GWCCA police officer. The GWCCA is "a body corporate and politic, which shall be an instrumentality of the State of Georgia and a public corporation." OCGA § 10-9-2. The officers of the GWCCA Police Department,

> [f]or the purposes of exercising the powers and responsibilities of such officers as peace officers under paragraph (8) of Code Section 35-8-2, including their duties and responsibilities with respect to matters occurring within the limits of the facilities of the authority or requests by another law enforcement agency to provide aid and assistance . . . shall have the same authority, powers, privileges, and immunities regarding enforcement of laws as law enforcement officers employed by the state.

 OCGA § 10-9-4.1 (b).

As a state instrumentality, the GWCCA is entitled to assert sovereign immunity as a defense in this case to the extent such immunity is retained pursuant to provisions of the Georgia Tort Claims Act (GTCA) (OCGA § 50-21-20 et seq.). *Kyle v. Ga. Lottery Corp.*, 290 Ga. 87, 88 (718 SE2d 801) (2011); OCGA § 10-9-2. Likewise, as an officer employed by the GWCCA, Ferrell is immune to the extent provided in the

11

GTCA. The GTCA broadly exempts state officers and employees from liability for any torts committed while acting within the scope of their official duties or employment, including for intentional wrongful conduct or actions taken with malice and intent to injure. *Davis v. Standifer*, 275 Ga. App. 769, 771 (621 SE2d 852) (2005); *Romano*, 303 Ga. App. at 350; *Ridley v. Johns*, 274 Ga. 241 (552 SE2d 853) (2001); OCGA § 50-21-25 (a). Where an action is brought against the state under the GTCA, the action "must name as a party defendant only the state government entity for which the state officer or employee was acting and shall not name the state officer or employee individually." OCGA § 50-21-25 (b). The exemption from tort liability provided by the GTCA applies to actions against state employees in their official and individual capacities – "merely styling a suit against a public officer as one brought against him personally does not deprive him of any immunity to which he might otherwise be entitled for his official acts under the GTCA." *Davis*, 275 Ga. App. at 772 (punctuation and citation omitted). What constitutes actions taken within the scope of official duties or employment under the GTCA is also broadly construed. For example, in *Davis*, supra, we found that an alleged sexual assault by a state trooper during a traffic stop was within the scope of the trooper's official duties, and that the trooper was immune from suit on these allegations under the GTCA. Id.; accord

12

*Massey v. Roth*, 290 Ga. App. 496, 497-498 (659 SE2d 872) (2008). Young's complaint alleged that Ferrell sexually assaulted him while arresting him as a GWCCA police officer. Assuming the truth of these allegations, Ferrell acted within the scope of his official duties or employment for the GWCCA and is immune from the suit brought against him, individually, based on the state law claims.

Because the allegations of the complaint establish that Ferrell is entitled to immunity from the suit, the Superior Court lacked subject matter jurisdiction. *Dept. of Human Resources v. Nation*, 265 Ga. App. 434, 438-439 (594 SE2d 383) (2004); *Shelnutt v. Ga. Dept. of Transp.*, 272 Ga. App. 109, 110 (611 SE2d 762) (2005).

> The parties to litigation cannot give to a court jurisdiction of the subject matter of a suit when it has none by law; and when a trial court, in a case over which it has as to subject matter no jurisdiction, renders therein any judgment except one of dismissal, and the case is brought here for review . . . this court will of its own motion reverse the judgment whether exception to it for want of jurisdiction in the court below be taken . . . or not.

*Ga. R. & Banking Co. v. Redwine*, 208 Ga. 261, 262, 266 (66 SE2d 234) (1951) (because record showed trial court had no subject matter jurisdiction, the court's judgment was a nullity and must be reversed); *Cutts v. Scandrett*, 108 Ga. 620, 633-634 (34 SE 186) (1899) (because record disclosed judgment was rendered by a court without subject matter jurisdiction, appellate court will reverse the judgment even

13

though the issue was not raised on appeal). Because Ferrell was immune from suit on the claim brought against him under state law, the default judgment entered on that claim was a nullity. When the record discloses that the trial court lacked subject matter jurisdiction, "we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit." *Steel Co. v. Citizens for a Better Environment*, 523 U. S. 83, 95 (118 SCt 1003, 140 LE2d 210) (1998) (punctuation and citation omitted); OCGA § 9-11-12 (h) (3). Accordingly, we vacate the default judgment and remand with direction to dismiss the state law cause of action for lack of subject matter jurisdiction.

*Judgment vacated and case remanded. Dillard, J., concurs. McMillian, J., concurs in Division 2 and in the judgment.*

July 22, 2013

ON MOTION FOR RECONSIDERATION

In his motion for reconsideration, Young attached a copy of an order entered by the trial court on December 18, 2012, after the appeal was docketed in this Court. Young contends that we overlooked the order and that our opinion should be reconsidered in light of the order. The order was not considered because it was not made a part of the appellate record. Moreover, this Court will not consider any document attached to a motion for reconsideration, which has not been certified and transmitted to this Court as part of the appellate record or as a supplement thereto. OCGA § 5-6-41 (f); see Court of Appeals Rule 24 (g).

*Motion for reconsideration denied.*