**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**August 4, 2023**

# In the Court of Appeals of Georgia

A23A0968. IN THE INTEREST OF K. A. V., a child.

A23A1040. IN THE INTEREST OF K. A. V., a child.

RICKMAN, Judge.

In this dependency case, the juvenile court determined that it was precluded from ordering the Department of Family and Children Services to provide extended foster care services to K. A. V. and that DFCS made no reasonable efforts to effectuate K. A. V.'s permanency plan. As a sanction for failing to effectuate the permanency plan, DFACS was ordered to pay rent to K. A. V.'s foster mother for a period of time. Because the juvenile court lacked jurisdiction, we vacate the judgment and remand with direction.

The record shows that K. A. V. was born in Honduras on December 28, 2004. After she was sexually abused in Honduras by her step-father, her sister paid a

"coyote" to bring her to the United States. Following K. A. V.'s arrival at the Texas border, she turned herself in to immigration officials. K. A. V. initially lived with her sister in Georgia until DFACS became involved due to some of K. A. V.'s medical concerns. In 2020, the juvenile court determined K. A. V. to be dependent and placed her with a foster family.

Six days before K. A. V.'s 18th birthday, her guardian ad litem filed a "motion for no reasonable efforts" alleging that DFACS failed to make reasonable efforts to achieve the goals in K. A. V.'s case plan in her dependency case. The juvenile court held a hearing on the day before K. A. V.'s 18th birthday. On January 12, 2023, fifteen days after K. A. V. turned 18, the juvenile court issued an order holding that it was precluded from ordering DFACS to provide extended foster care to K. A. V. because she was not a qualified alien. The juvenile court further found that DFACS made no reasonable efforts to effectuate K. A. V.'s permanency plan and, as a sanction, ordered DFACS to pay rent to K. A. V.'s foster mother to care for K. A. V. for the next six months following the date of the order.

"When a child adjudicated as a dependent child reaches 18 years of age, all orders in connection with dependency proceedings affecting him or her then in force terminate and he or she shall be discharged from further obligation or control."

OCGA § 15-11-214 (c); see *In the Interest of A. L.*, 351 Ga. App. 824, 825 n. 4 (833 SE2d 296) (2019) (recognizing that the juvenile court can exercise jurisdiction over a dependency case until the issue of dependency is resolved or the child becomes 18).

Accordingly, once K. A. V. turned 18, the juvenile court no longer had jurisdiction over her dependency case and any orders in connection with that case terminated. The juvenile court lacked jurisdiction to enter its January 2023 order and thus, we vacate the order and remand with the direction that the juvenile court dismiss the case. See *Ferrell v. Young*, 323 Ga. App. 338, 344 (2) (746 SE2d 167) (2013) ("When the record discloses that the trial court lacked subject matter jurisdiction, we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit.") (citation and punctuation omitted.).

*Judgment vacated; case remanded with direction. Dillard, P. J., and Pipkin, J., concur.*